Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ALLEN ANSARI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI,<br><br>                              Plaintiff,<br><br>      v.<br><br>ELECTRONIC DOCUMENT PROCESSING, INC., D/B/A EDP LEGAL SERVICES, INC., a California corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. 5:12-CV-01245-LHK-HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Hearing Date:      August 23, 2012<br>Hearing Time:      1:30 p.m.<br>Hearing Judge:     Lucy H. Koh<br>Hearing Courtroom: 8, 4th Floor<br>Hearing Location:  280 South First Street<br>                   San Jose, California |

COMES NOW the Plaintiff, ALLEN ANSARI (hereinafter "Plaintiff"), by and through his

attorney Fred W. Schwinn of Consumer Law Center, Inc., and hereby submits his Memorandum of

Points and Authorities in Support of Motion to Strike Affirmative Defenses filed herein.

oo0oo

---

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................1

II.  FACTUAL BACKGROUND................................................................................1

III. STANDARD OF REVIEW...................................................................................3

    A.  The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Apply to
        Affirmative Defenses...................................................................................4

    B.  The Policies of *Twombly*, *Iqbal* and Rule 12 Support the Plaintiff.......................6

IV.  ARGUMENT.......................................................................................................7

    A.  Defendants' Insufficient Defenses Should Be Stricken..............................7

        1.  Second Affirmative Defense – Dishonest Conduct........................................8

        2.  Fourth Affirmative Defense – Waiver.........................................................8

        3.  Fifth Affirmative Defense – Estoppel........................................................9

        4.  Seventh Affirmative Defense – Allocation of Fault to Third Persons........................10

        5.  Eighth Affirmative Defense –  Lack of Subject Matter Jurisdiction.........................10

        6.  Tenth Affirmative Defense – Failure of Performance of Conditions.........................11

        7.  Fifteenth Affirmative Defense – Negligence of Third Persons.................................11

        8.  Sixteenth Affirmative Defense – Improper Joinder.....................................12

        9.  Twenty-Second Affirmative Defense – Statute of Limitations.................................13

        10.  Twenty-Third Affirmative Defense – Exemptions and Immunities.........................13

    B.  Defenses to be Stricken Because They are Not Actually Defenses..........................

        1.  First Affirmative Defense – Failure to State a Claim for Relief................................14

        2.  Sixth Affirmative Defense – Mitigation of Damages..........................................15

        3.  Seventeenth Affirmative Defense – Illusory, Non-quantified Damages....................15

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

4.  Twenty-Fourth Affirmative Defense – Right to Assert Further Affirmative Defenses..................................................................................16

C.  Defendants' Immaterial and Impertinent Defenses Should be Stricken.............................16

1.  Third Affirmative Defense – Laches.................................................................16

2.  Ninth Affirmative Defense – First Amendment.........................................................17

3.  Eleventh Affirmative Defense – Third Persons' Comparative Fault/Negligence.................................................................................18

4.  Twelfth Affirmative Defense – Consent...............................................................18

5.  Thirteenth Affirmative Defense – No Proximate Causation.....................................19

6.  Fourteenth Affirmative Defense – Conditions Precedent........................................20

7.  Eighteenth Affirmative Defense – Adequate Remedy at Law.................................20

8.  Nineteenth Affirmative Defense – Acquiescence....................................................21

9.  Nineteenth Affirmative Defense – Acquiescence....................................................21

10.  Twenty-First Affirmative Defense – Lack of Notice.............................................22

V.  CONCLUSION.......................................................................................................22

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

1

## **TABLE OF AUTHORITIES**

2

### **CASES**

3

4

*American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809
(E.D. Cal. 1979)....................................................................................................16

5

*Ashcroft v. Iqbal*, 566 U.S. 662; 129 S. Ct. 1937 (2009)....................................4-8

6

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d. 1167 (N.D. Cal 2010)............................5-8, 14

7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................4-7

8

*Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283 (S.D. Fla. 2007)................................14

9

*Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634 (N.D. Cal. Aug. 22, 2011)............................6

10

*Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006)................................9, 19, 21

11

*Conley v. Gibson*, 355 U.S. 41; 78 S. Ct. 99; 2 L. Ed. 2d 80 (1957)........................7

12

*Costello v. United States*, 365 U.S. 265; 81 S. Ct. 534; 5 L. Ed. 2d 551 (1961).....................................16

13

14

*CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538
(N.D. Cal. Oct. 26, 2009)........................................................................................8

15

16

*Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116
(N.D. Cal. Jan. 17, 2012)....................................................................................4-5, 7

17

18

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993)........................................4

19

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987)............................6

20

*G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS 104980
(N.D. Cal. Sept. 23, 2010)....................................................................................9, 15

21

22

*Gomez v. Toledo*, 446 U.S. 635; 100 S. Ct. 1920; 64 L. Ed. 2d 572 (1980)............................6

23

24

*Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009).......................6

25

*Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606 (6th Cir. 2009)......................17-18

26

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647 (D. Kan. 2009)..........................5, 6

27

*Heintz v. Jenkins*, 514 U.S. 291; 115 S. Ct. 1489; 131 L. Ed. 2d 395 (1995).......................17

28

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989)......................................4

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608
(S.D. Fla. Aug. 21, 2007)......................................................................................................6

*Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235 (Cal. App. 2d Dist. 2004)..........................17

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045
(5th Cir. 1982)......................................................................................................................6

*Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954 (S.D. Ohio 2005)............................................17

*Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324
(Cal. App. 1st Dist. 2009)......................................................................................................17

*Lopez Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796 (N.D. Cal. 2008)....................................18

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945
(W.D.N.C. 2000)....................................................................................................................6

*Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265 (W.D. Va. June 24, 2010)....................16

*Pepper v. Routh Crabtree, APC*, 219 P.3d 1017 (Alaska 2009)..........................................................17

*Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. LEXIS 41080
(N.D. Cal. Mar. 26, 2012).................................................................................................*passim*

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004)..............4, 8-9, 11-12, 19, 21

*Racick v. Dominion Law Assocs.*, 270 F.R.D. 228 (E.D.N.C. 2010)..................................................*passim*

*Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265 (2d Cir. 1996)......................................................6

*Scott v. Fed. Bond & Collection Serv.*, 2011 U.S. Dist. LEXIS 5278
(N.D. Cal. Jan. 19, 2011)...................................................................................................*passim*

*Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009)............................................7

*Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*,
242 F. Supp. 2d 196 (W.D.N.Y. 2002)....................................................................................7

*Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 U.S. Dist. LEXIS 76174
(D. Md. July 27, 2010)............................................................................................................7

*Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009)......................................5

- iv -

*Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.*, 2011 U.S. Dist. LEXIS 96496
(E.D. Pa. Aug. 25, 2011)...................................................................................5

*Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001)...............6

*Wolf v. Reliance Standard Linfe Ins. Co.*, 71 F.3d 444 (1st Cir. 1995)...............15

*Wyshak v. City National Bank*, 607 F. 2d 824 (9th Cir. 1979)........................3, 7, 8


## STATUTES

15 U.S.C. § 1692k.............................................................................................13

Cal. Civil Code § 1788.30(f)............................................................................13

Cal. Civil Code § 1788.33........................................................................9, 19, 21


## RULES

Fed. R. Civ. P. 8.............................................................................................4, 16

Fed. R. Civ. P. 12(b)(6)........................................................................................7

Fed. R. Civ. P. 12(f)...............................................................................1, 3, 6-7, 16


## MISCELLANEOUS

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
(2d ed. 1990).......................................................................................................6

5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE
(3d ed. 2004).......................................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

# I. INTRODUCTION

In responding to Plaintiff's Complaint, Defendants, ELECTRONIC DOCUMENT PROCESSING, INC., D/B/A EDP LEGAL SERVICES, INC., and DUSTIN K. FERRO (hereinafter collectively referred to as "Defendants"), filed <u>Answer of Defendants Electronic Document Processing, Inc. DBA EDP Legal Services and Dustin K. Ferro to Unverified Complaint, with Affirmative Defenses and Demand for Jury Trial</u> (Doc. 18) (hereinafter "<u>Answer</u>"), containing various "Affirmative Defenses" identified on pages 8-13.  A copy of <u>Answer</u> is attached as Exhibit "A" for the Court's reference.  Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike all of the "affirmative defenses" contained in Defendants' <u>Answer</u> on the grounds that Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and that the "affirmative defenses" contained therein are not pled with sufficient particularity to provide Plaintiff with fair notice. Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level.

# II. FACTUAL BACKGROUND

On May 16, 2012, Defendants filed the <u>Answer</u> to Plaintiff's <u>Complaint</u>.  In the <u>Answer</u> Defendants sets forth several conclusory statements – with no factual support whatsoever – purporting to raise various alleged affirmative defenses.  These paragraphs read as follows:

- **Failure to State a Claim for Relief.**  All purported causes of action in the CP, and each and every allegation contained therein, in light of the dearth of any exhibits attached thereto, fails to state facts sufficient to constitute a claim upon which relief can be granted against these responding defendants.
- **Dishonest Conduct.**  Plaintiff is barred from the recovery sought in the CP based upon the dishonest and/or fraudulent conduct of the plaintiff and/or his employees, and their unclean hands.
- **Laches.**  At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in the CP against these responding defendants, plaintiff's CP is barred by the doctrine of laches.
- **Waiver.**  At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred by the doctrine of waiver.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

- **Estoppel.** At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred by the doctrine of estoppel.
- **Mitigation of Damages.** With respect to each alleged cause of action, defendants are informed and believe and thereupon allege that plaintiff has failed to fulfill his duty to mitigate any damages caused by any violations of duty or law which might be found as against defendants, or either of them.
- **Allocation of Fault to Third Parties.** If it should be found that these responding defendants are, in any manner, legally responsible for any damages sustained by plaintiff, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then any such damages found to have been incurred or suffered by the plaintiff in this action were proximately contributed to by other persons or entities; therefore, it is necessary that the proportionate degree of fault of each such person or entity be determined and prorated so that responding defendants pay only that amount of damages which were caused by the acts or omissions of these responding defendants, if any.
- **Lack of Subject Matter Jurisdiction.** The Court lacks the requisite subject matter jurisdiction over the subject matter of this action.
- **First Amendment.** Plaintiff's claims and/or remedies sought in his CP are barred, not actionable, or subject to dismissal, according to the First Amendment to the United States Constitution and all appellate opinions annotated thereunder or based thereon.
- **Failure of Performance of Conditions.** At all times mentioned in the CP on file herein, and as to each and every Claim for Relief therein, plaintiff has failed to perform all duties and obligations on his part of any agreement with these responding defendants, which duties and obligations operated as a contingency and condition for performance of any obligations on the part of defendants, and such failure bars plaintiff's recovery herein.
- **Reduction Due to Comparative Fault.** At all times and places mentioned in the CP, with respect to each and every claim therein, the plaintiffs and others were careless, reckless and negligent in and about the matters and things alleged in the CP, which said carelessness, recklessness and negligence concurred in point of time with the alleged conduct of these responding defendants, if any there may have been, and proximately caused and contributed to whatever injury and/or damage the plaintiff may have sustained, if any, and recovery by the plaintiffs, if any, should be proportionately reduced according to the percentage of fault of said persons.
- **Consent.** Each of the acts attributed to these defendants as alleged by plaintiff was consented to and welcomed by the plaintiff.
- **No Proximate Causation.** All detriment, injury or loss, if any, suffered by plaintiff, arising from the events as alleged in the underlying CP, were not proximately caused by these responding defendants.
- **Conditions Precedent.** Plaintiff has failed to satisfy all conditions precedent to, and in accordance with, the terms and conditions of any alleged contract or agreement with these responding defendants, or any statute requiring performance of said conditions.
- **Negligence of Third Parties.** In addition to the aforementioned negligence of the plaintiff, any damages incurred by the plaintiff was directly and proximately caused and contributed to by the negligence of third persons.

- 2 -

- **Improper Joinder.**  Some or all of plaintiff's claims are barred, not actionable or subject to dismissal, because the CP improperly joins different defendants and/or fails to join necessary defendants and/or plaintiffs, or other necessary parties.

- **Illusory, Non-quantified Damages.**  Some or all of plaintiff's claims are barred, not actionable or subject to dismissal, because plaintiff's alleged damages, which have not been quantified anywhere in the CP, are illusory, unaccounted-for, not actually incurred by any named plaintiff, and not capable of being generated in the future as a result of any alleged act or omission in the underlying CP.

- **Adequate Remedy at Law.**  Plaintiff is not entitled to injunctive or declaratory relief because any alleged injury to plaintiff is not immediate or irreparable, and plaintiff has an adequate remedy at law. His requested declaratory relief and injunctive remedy is a reiteration of his monetary claims, and is premature, as no damage is alleged in the CP to have occurred to plaintiff, and the subject matter of the CP is solely monetary, meaning no equitable remedy-based claim for relief is tenable against these defendants.

- **Acquiescence.**  At all times and places herein mentioned in the CP, and with respect to each and Claim for Relief in said CP, plaintiff is barred by the doctrine of acquiescence.

- **Lack of Standing to Sue.**  At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred from any recovery because plaintiff, by his own allegations, lacks the necessary standing to sue these responding defendants and to recover any judgment therefrom.

- **Lack of Notice.**  At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred from any recovery because these responding defendants had no knowledge or notice of the activities alleged in the CP until after the CP was filed.

- **Statutes of Limitation.**  At all times and places herein mentioned in the underlying CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff's claims are barred because the plaintiff filed his CP after expiration of the limitation periods set forth in the applicable statutes of limitation.

- **Exemptions and Immunities.**  Defendants are entitled to statutory exemptions from prosecution by plaintiff in this action, and are entitled to immunities provided by state and appellate law, barring this lawsuit against these defendants.

- **Right to Assert Further Affirmative Defenses.**  Defendants assert the right to later raise other affirmative defenses to the allegations of the CP or any subsequent iteration of plaintiff's allegations therein, as they become ascertained, under Rule 8(c) of the Federal Rules of Civil Procedure.[1]

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(f), a Court may strike from a pleading any insufficient defense if it does not provide the plaintiff with "fair notice" of the defense.[2]  The purpose of a Rule 12(f) motion is

---

[1]  <u>Answer</u> at pages 8-13.
[2]  *Wyshak v. City National Bank*, 607 F. 2d 824, 827 (9th Cir. 1979).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

to avoid spending time and money litigating spurious issues.[3]  Following the Supreme Court's decision in *Ashcroft v. Iqbal*,[4] affirmative defenses not pled with sufficient particularity are inadequate to survive the newly announced requirement for pleadings under the federal rules.

In general, affirmative defenses are governed by the same pleading standard as complaints and therefore must give Plaintiff fair notice of the defense being advanced.[5]  "Affirmative Defenses are pleadings and, therefore, are subject to all pleadings requirements of the Federal Rules of Civil Procedure."[6]

A. **The 'Heightened Pleading Standard' of *Twombly* and *Iqbal* Applies to Affirmative Defenses**

Over the past five years, the Supreme Court has markedly changed the standard required for pleading under Rule 8 of Federal Rules of Civil Procedure.  First, in *Bell Atlantic Corp. v. Twombly*,[7] the Court held that although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action."[8]  Rather, the *Twombly* Court held that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[9]  In *Ashcroft v. Iqbal*,[10] the Supreme Court took this so-called "plausibility standard" one step further and held that a court must "draw the reasonable inference that the defendant is liable[.]  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line'" of the plausibility required to

---

[3]  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  *See also*, *Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116 at *6 (N.D. Cal. Jan. 17, 2012) (Conti, J.).
[4]  566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[5]  *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (Ware, J.).
[6]  *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989).
[7]  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[8]  *Id.*
[9]  *Id.* at 570 (quoted in *Dion*, 2012 U.S. Dist. LEXIS 5116 at *8).
[10]  566 U.S. 662.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:12-CV-01245-LHK-HRL

state a claim.[11]

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Twombly* and *Iqbal*, the majority of courts to address the issue – including district courts in California – have concluded that the heightened pleading standards for claims of relief crafted in *Twombly* and *Iqbal* apply just as strictly to affirmative defenses.[12]  Under the *Twombly*/*Iqbal* standard, a defendant must plead facts sufficient to alert the plaintiff of the defense.[13]  A claim is plausible on its face if it "raises a right to relief above the speculative level."[14]  A party raises its claim above the speculative level by pleading "factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."[15]  As district courts in California have found, the same standard should be applicable to affirmative defenses.[16]  When no facts are asserted in support of an affirmative defense, neither the *Twombly* nor *Iqbal* standard has been met.

To survive a Rule 12(f) motion then, an affirmative defense cannot simply be conclusory and devoid of facts; rather, it must set forth a factual basis and cannot merely suggest that the defense may possibly bear upon the case.[17]  Here, all of Defendants' affirmative defenses fall well below this bar.

---

[11]  129 S. Ct. at 1949, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. at 557.

[12]  *Perez v. Gordon & Wong Law Group, P.C.*, 2012 U.S. Dist. LEXIS 41080 at *20-21 (N.D. Cal. Mar. 26, 2012) (Koh, J).  *See also*, *Dion*, 2012 U.S. Dist. LEXIS 5116 at *5-6; *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J.) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on the issue of whether Twombly and Iqbal apply to the pleading of affirmative defenses, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses."); *Vamsidhar Reddy Vurimindi v. Fuqua Sch. of Bus.*, 2011 U.S. Dist. LEXIS 96496 at *6 (E.D. Pa. Aug. 25, 2011) ("A majority of district courts have held that *Twombly* and *Iqbal* standards apply to affirmative defenses.") *and Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting cases).

[13]  *Twombly*, 550 U.S. at 555 (a complaint must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action"); *Qarbon.com Inc.*, 315 F. Supp. at 1049 ("Affirmative defenses are governed by the same pleading standard as complaints.").

[14]  *Twombly*, 550 U.S. at 570.

[15]  *Iqbal*, 129 S. Ct. at 1949.

[16]  *See, e.g., Perez*, 2012 U.S. Dist. LEXIS 41080 (collecting cases); *Dion*, 2012 U.S. Dist. LEXIS 5116; *Barnes*, 718 F. Supp. 2d at 1167.

[17]  *Barnes*, 718 F. Supp. 2d at 1172; *see also, Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a

- 5 -

### B.  The Policies of *Twombly, Iqbal* and Rule 12 Support the Plaintiff

As one court has aptly stated, "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."[18]

Although motions to strike are generally disfavored, "courts in this district consistently have applied the *Twombly/Iqbal* pleading standard to the pleading of affirmative defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its face."[19]  "In other words, the simple listing of 'a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist' is not sufficient."[20]

Rule 12(f) motions are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense."[21]  Matters are appropriately stricken if they are "not properly supported by the facts alleged in the pleading."[22]  Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law."[23]

"Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."[24]  In contrast, denials of

---

motion to strike an affirmative defense under Rule 12(f).").

[18] *Hayne*, 263 F.R.D. at 650.

[19] *Bottoni v. Sallie Mae, Inc.*, 2011 U.S. Dist. LEXIS 93634 at *3 (N.D. Cal. Aug. 22, 2011) (Beeler, J.) (citing *Barnes*, 718 F. Supp. 2d at 1172).

[20] *Id.* at *4 (quoting *Barnes*, 718 F. Supp. 2d at 1172).

[21] *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)).

[22] *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

[23] *Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009), *citing Microsoft Corp*, 123 F. Supp. 2d at 949; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[24] *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), *citing Gomez v. Toledo*, 446 U.S. 635, 640-641 (1980).  *See also, Scott v. Fed. Bond & Collection Serv.*, 2011 U.S.

---

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:12-CV-01245-LHK-HRL

the allegations in the complaint, or allegations that the plaintiff cannot prove the elements of his claims, are not affirmative defenses.[25]

The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.[26]  "At a minimum, the facts asserted in an affirmative defense, and the reasonable inferences that may be drawn from those facts, must plausibly suggest a cognizable defense."[27]  Moreover, this standard "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted."[28]

With this standard in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss.[29]

## IV.  ARGUMENT

P ursuant to the pleading standards of *Twombly/Iqbal*, all of Defendants' affirmative defenses should be stricken for failure to state a claim.

### A.  **Defendants' Insufficient Defenses Should be Stricken**

Pursuant to Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense. . . ."  "[W]hile the Rule 8 pleading standard does not require extensive, detailed

---

Dist. LEXIS 5278, at *25 (N.D. Cal. Jan. 19, 2011) (Koh, J.); *Dion*, 2012 U.S. Dist. LEXIS 5116 at *9.
[25]  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).
[26]  *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *and* 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2004)).
[27]  *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 234 (E.D.N.C. 2010), *quoting Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 U.S. Dist. LEXIS 76174, 2010 WL 2998836 at *1 (D. Md. July 27, 2010).
[28]  *Dion*, 2012 U.S. Dist. LEXIS 5116 at *6 (quoting *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d at 1172).
[29]  *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

---

MEMORANDUM OF POINTS AND AUTHORITIES            Case No. 5:12-CV-01245-LHK-HRL

factual allegations, bare statements reciting mere legal conclusions are insufficient."[30]   While all of Defendants' affirmative defenses merely recite a legal conclusion and fail to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face,"[31] the following are the most egregious.

### 1.  Second Affirmative Defense – Dishonest Conduct

Defendants' Second Affirmative Defense is pled as follows:

> Plaintiff is barred from the recovery sought in the CP based upon the dishonest and/or fraudulent conduct of the plaintiff and/or his employees, and their unclean hands.[32]

This affirmative defense bears no relation to the claims asserted in this case.  This is not an action in equity, thus "unclean hands" is not a valid defense.  Moreover, "simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'"[33]  It is not simply enough to refer to a statute or doctrine without supporting facts showing its applicability.[34]  Therefore, this affirmative defense should be stricken from Defendants' Answer.[35]

### 2.  Fourth Affirmative Defense – Waiver

Defendants' Fourth Affirmative Defense is pled as follows:

> At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred by the doctrine of waiver.[36]

Defendants offer the Court and Plaintiff no factual basis whatsoever for the moving target

---

[30]   *Perez*, 2012 U.S. Dist. LEXIS 41080 at * 35 (citing *Iqbal*, 129 S. Ct. at 1949; *Wyshak*, 607 F.2d at 827).

[31]   *Id.* at *35-36 (quoting *Barnes*, 718 F. Supp. 2d at 1172).

[32]   Answer at 8:18-22.

[33]   *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20, *quoting CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *22 (N.D. Cal. Oct. 26, 2009).

[34]   *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.

[35]   *Perez*, 2012 U.S. Dist. LEXIS 41080 at *36 (striking "unclean hands" as "deficient").

[36]   Answer at 9:1-5.

affirmative defense of "waiver" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.[37]  "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[38]  Moreover, "waiver" is not a defense to the FDCPA or RFDCPA.[39]

> Out of an abundance of caution, we further note what should be obvious: a consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate, such as false, misleading, harassing or abusive communications.  Permitting such a waiver would violate the public policy goals pursued by the FDCPA.[40]

As such, this affirmative defense should be stricken from Defendants' Answer.[41]

### 3.  Fifth Affirmative Defense – Estoppel

Defendants' Fifth Affirmative Defense is pled as follows:

> At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred by the doctrine of estoppel.[42]

Defendants offers the Court and Plaintiff no factual basis whatsoever for the moving target affirmative defense of "estoppel" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.[43]  "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[44]  Moreover, estoppel is not a defense to the FDCPA or RFDCPA.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it

---

[37]  *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion."); *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense).

[38]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.

[39]  Cal. Civil Code § 1788.33 ("Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable.").

[40]  *Clark*, 460 F.3d at 1171, fn. 5.

[41]  *See, e.g., Perez*, 2012 U.S. Dist. LEXIS 41080 (striking waiver).

[42]  Answer at 6-10.

[43]  *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion."); *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-05718 2010 U.S. Dist. LEXIS 104980 at *5 (N.D. Cal. Sept. 23, 2010) (Davila, J.) (striking estoppel affirmative defense as insufficiently pled).

[44]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.

---

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

should be stricken from Defendants' Answer.

### 4.  Seventh Affirmative Defense – Allocation of Fault to Third Persons

Defendants' Seventh Affirmative Defense is pled as follows:

> If it should be found that these responding defendants are, in any manner, legally responsible for any damages sustained by plaintiff, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then any such damages found to have been incurred or suffered by the plaintiff in this action were proximately contributed to by other persons or entities; therefore, it is necessary that the proportionate degree of fault of each such person or entity be determined and prorated so that responding defendants pay only that amount of damages which were caused by the acts or omissions of these responding defendants, if any.[45]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[46] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies.  This affirmative defense does not allege <u>facts</u> regarding the "other persons or entities" that "proximately contributed" to the allegations of the complaint.  Moreover, Defendants do not allege how the actions of others – presumably debt collection attempts – caused Plaintiff's damages.  Furthermore, Defendants offer no facts regarding which actions of others contributed to this cause of action.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[47]

### 5.  Eighth Affirmative Defense –  Lack of Subject Matter Jurisdiction

Defendants' Eighth Affirmative Defense is pled as follows:

> The Court lacks the requisite subject matter jurisdiction over the subject matter of this action.[48]

Defendants offers the Court and Plaintiff no factual basis whatsoever for the moving target

---

[45] <u>Answer</u> at 9:20-26.
[46] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").
[47] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).
[48] <u>Answer</u> at 9:27 to 10:2.

affirmative defense of "lack of subject matter jurisdiction" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.    "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[49]

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken from Defendants' Answer.

### 6.    Tenth Affirmative Defense – Failure of Performance of Conditions

Defendants' Tenth Affirmative Defense is pled as follows:

At all times mentioned in the CP on file herein, and as to each and every Claim for Relief therein, plaintiff has failed to perform all duties and obligations on his part of any agreement with these responding defendants, which duties and obligations operated as a contingency and condition for performance of any obligations on the part of defendants, and such failure bars plaintiff's recovery herein.[50]

This affirmative defense provides Plaintiff no notice upon which to prepare a defense.[51]  Further, this affirmative defense does not state to which of the allegations in the Complaint it applies.  This affirmative defense does not allege <u>facts</u> regarding the "obligations" which Plaintiff failed to perform. Moreover, Defendants do not allege how Plaintiff failed to perform.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[52]

### 7.    Fifteenth Affirmative Defense – Negligence of Third Persons

Defendants' Fifteenth Affirmative Defense is pled as follows:

In addition to the aforementioned negligence of the plaintiff, any damages incurred by the plaintiff was directly and proximately caused and contributed to by the negligence of third persons.[53]

---

[49] *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.
[50] <u>Answer</u> at 10:9-15.
[51] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").
[52] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).
[53] <u>Answer</u> at 11:13-17.

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[54] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies.  This affirmative defense does not allege <u>facts</u> regarding which persons "proximately caused and contributed" the allegations of the complaint.  Moreover, Defendants do not allege how the actions of others – presumably debt collection attempts – caused Plaintiff's damages.  Furthermore, Defendants offer no facts regarding which actions of others contributed to this cause of action.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[55]

### 8.  Sixteenth Affirmative Defense – Improper Joinder

Defendants' Sixteenth Affirmative Defense is pled as follows:

> Some or all of plaintiff's claims are barred, not actionable or subject to dismissal, because the CP improperly joins different defendants and/or fails to join necessary defendants and/or plaintiffs, or other necessary parties.[56]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[57] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies.  This affirmative defense does not allege <u>facts</u> regarding which persons were improperly joined, or parties that would be necessary to this cause of action but have not been joined.  "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[58]

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it

---

[54]  *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

[55]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).

[56]  <u>Answer</u> at 11:18-23.

[57]  *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

[58]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.

- 12 -

should be stricken.[59]

### 9. Twenty-Second Affirmative Defense – Statute of Limitations

Defendants' Twenty-Second Affirmative Defense is pled as follows:

At all times and places herein mentioned in the underlying CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff's claims are barred because the plaintiff filed his CP after expiration of the limitation periods set forth in the applicable statutes of limitation.[60]

Defendants' statute of limitations defense is insufficient as a matter of law for failure to plead sufficient facts.[61] The statute of limitations for violations of the federal Fair Debt Collection Practices Act[62] and the California Rosenthal Fair Debt Collection Practices Act[63] is one year. Less than one year elapsed between the violations allegedly committed on or about April 11, 2011, and the commencement of this action on March 13, 2012.[64] Therefore, Defendants cannot prevail on a statute of limitations defense.[65]

### 10. Twenty-Third Affirmative Defense – Exemptions and Immunities

Defendants' Twenty-Third Affirmative Defense is pled as follows:

Defendants are entitled to statutory exemptions from prosecution by plaintiff in this action, and are entitled to immunities provided by state and appellate law, barring this lawsuit against these defendants.[66]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[67] Further, this affirmative defense does not state which of the allegations in the Complaint to which it

---

[59] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking negligence of third parties defense).
[60] Answer at 13:2-8.
[61] *Racick*, 270 F.R.D. at 235 ("courts have stricken similarly-worded affirmative defenses for failure to reference the specific statute and relevant time periods").
[62] 15 U.S.C. § 1692k(d).
[63] Cal. Civil Code § 1788.30(f).
[64] *See* Complaint (Doc. 1) at ¶ 48.
[65] *See Scott*, 2011 U.S. Dist. LEXIS 5278, at *21-22.
[66] Answer at 13:9-14.
[67] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

applies.   Moreover, this affirmative defense does not allege <u>facts</u> regarding the "immunities" which Defendants claim to be subject to or how such "immunities" would bar lawsuit against these Defendants.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.

## B.  Defenses to be Stricken Because They are Not Actually Defenses

The following "Affirmative Defenses" raised in Defendants' <u>Answer</u> should be stricken because they are not actually defenses.

### 1.  First Affirmative Defense – Failure to State a Claim for Relief

Defendants' First Affirmative Defense is pled as follows:

> All purported causes of action in the CP, and each and every allegation contained therein, in light of the dearth of any exhibits attached thereto, fails to state facts sufficient to constitute a claim upon which relief can be granted against these responding defendants.[68]

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case."[69]

> Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.[70]

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense"[71] it should be stricken from Defendants' <u>Answer</u>.[72]

/ / /

/ / /

---

[68]  <u>Answer</u> at 8:12-17.
[69]  *Barnes*, 718 F. Supp. 2d at 1174.  *See also, Scott*, 2011 U.S. Dist. LEXIS 5278 at *23-24; *Perez*, 2012 U.S. Dist. LEXIS 41080 at *39.
[70]  *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).
[71]  *Barnes*, 718 F. Supp. 2d at 1174.
[72]  *Racick*, 270 F.R.D. at 234-35 (striking failure to state a claim defense).

- 14 -

### 2.  Sixth Affirmative Defense – Mitigation of Damages

Defendants' Sixth Affirmative Defense is pled as follows:

> With respect to each alleged cause of action, defendants are informed and believe and thereupon allege that plaintiff has failed to fulfill his duty to mitigate any damages caused by any violations of duty or law which might be found as against defendants, or either of them.[73]

"Defendants fail, again, to provide any factual basis that would allow the inference that this defense is plausible."[74]   Moreover, failure to mitigate damages is not a defense to the FDCPA or RFDCPA.[75]  This defense should be stricken.[76]

### 3.  Seventeenth Affirmative Defense – Illusory, Non-quantified Damages

Defendants' Seventeenth Affirmative Defense is pled as follows:

> Some or all of plaintiff's claims are barred, not actionable or subject to dismissal, because plaintiff's alleged damages, which have not been quantified anywhere in the CP, are illusory, unaccounted-for, not actually incurred by any named plaintiff, and not capable of being generated in the future as a result of any alleged act or omission in the underlying CP.[77]

Similar to the First Affirmative Defense, this affirmative defense merely seeks to assert a defect in Plaintiff's Complaint.  Additionally, this affirmative defense does not raise new facts or arguments that, if true, would defeat Plaintiff's claims.[78]  Moreover, the FDCPA is a strict liability statute. Defendants completely fail to state how this defense relates to the claims of Plaintiff at all.  Therefore, Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.

/ / /

---

[73] Answer at 9:11-16.
[74] *Racick*, 270 F.R.D. at 234-35 (E.D.N.C. 2010) (striking failure to mitigate defense).
[75] *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking failure to use reasonable care defense).
[76] *See, e.g.*, *Perez*, 2012 U.S. Dist. LEXIS 41080 *and G & G Closed Circuit*, 2010 U.S. Dist. LEXIS 104980 at * 2 (striking failure to mitigate defense).
[77] Answer at 11:24 to 12:2.
[78] *See generally*, *Wolf v. Reliance Standard Linfe Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

### 4.  Twenty-Fourth Affirmative Defense –  Right to Assert Further Affirmative Defenses

Defendants' Twenty-Fourth Affirmative Defense is pled as follows:

Defendants assert the right to later raise other affirmative defenses to the allegations of the CP or any subsequent iteration of plaintiff's allegations therein, as they become ascertained, under Rule 8(c) of the Federal Rules of Civil Procedure.[79]

This "is simply not a defense of any kind, much less an affirmative one"[80] and should be stricken from Defendant's Answer.

### C.  Defendants' Immaterial and Impertinent Defenses Should be Stricken

Federal Rule of Civil Procedure 12(f)  permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Generally, matters which are outside the scope of the action are "immaterial" for purposes of Rule 12(f) motion to strike.[81]   The following pled affirmative defenses are immaterial to this action.

### 1.  Third Affirmative Defense – Laches

Defendants' Third Affirmative Defense is pled as follows:

At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in the CP against these responding defendants, plaintiff's CP is barred by the doctrine of laches.[82]

Defendants' reference to the equitable doctrine of laches is misplaced.  "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense."[83]   Defendants have failed to provide any facts in support of this "affirmative

---

[79]  <u>Answer</u> at 13:15-20.
[80]  *Racick*, 270 F.R.D. at 237, *quoting Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265 at *19 (W.D. Va. June 24, 2010); *see also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *24 ("In addition, Defendant's nineteenth defense, reserving the right to assert additional defenses based on discovery, is not itself an affirmative defense and appears to duplicate rights already preserved by the Federal Rules.").
[81]  *American Sheet Metal, Inc. v. Em-Kay Engineering Co.*, 478 F. Supp. 809, 815 (E.D. Cal. 1979).
[82]  <u>Answer</u> at 8:23-27.
[83]  *Costello v. United States*, 365 U.S. 265, 282 (1961).

defense."   Additionally, "principles of equity [can not] be used to avoid a statutory mandate."[84]   This

affirmative defense should be stricken from Defendants' Answer.[85]

### 2. Ninth Affirmative Defense – First Amendment

Defendants' Ninth Affirmative Defense is pled as follows:

> Plaintiff's claims and/or remedies sought in his CP are barred, not actionable, or subject
> to dismissal, according to the First Amendment to the United States Constitution and all
> appellate opinions annotated thereunder or based thereon.[86]

First Amendment litigation privilege is not a recognized defense in FDCPA[87] or RFDCPA[88]

cases.   As such, this affirmative defense should be stricken from Defendants' Answer.

> If the defendants are advocating the existence of a federal common law litigation
> privilege, *Heintz v. Jenkins* cuts squarely against their argument.   So the defendants also
> premise their immunity arguments on their First Amendment rights of free speech, and
> to petition for redress, which they assert are violated by applying FDCPA to the act of
> filing a complaint in a court of law.   But whether the historical antecedents for common
> law immunity emanate from First Amendment concerns, or from the underpinnings of
> the Anglo-American privilege for judicial proceedings,   the defendants' immunity
> arguments cannot overcome the unambiguous text of the statute and the unambiguous
> holding of *Heintz v. Jenkins*, which this Court must follow.[89]

"The privilege for communications made during judicial proceedings and for communications

made between certain interested persons, Cal. Civ. Code § 47(b) and (c), likewise has no application to

the facts or legal claims in Plaintiff's complaint, which do not allege any defamatory actions by

Defendant."[90]   "This Court has previously rejected a FDCPA "Defendants' assertion that the First

Amendment, as a matter of law, protects the filing of a state court complaint from the reach of the

---

[84]   *Jiagbogu v. Mercedes-Benz USA*, 118 Cal. App. 4th 1235, 1244 (Cal. App. 2d Dist. 2004).
[85]   *See Perez*, 2012 U.S. Dist. LEXIS 41080 (striking the laches affirmative defense).
[86]   Answer at page 10:3-8.
[87]   *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615 (6th Cir. 2009); *Pepper v. Routh Crabtree, APC*, 219 P.3d 1017, 1023 (Alaska 2009).
[88]   *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 337 (Cal. App. 1st Dist. 2009) ("We agree with the majority of these cases that the [litigation] privilege cannot be used to shield violations of the [Rosenthal Fair Debt Collection Practices] Act.").
[89]   *Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005), *citing Heintz v. Jenkins*, 514 U.S. 291; 115 S. Ct. 1489; 131 L. Ed. 2d 395 (1995).
[90]   *Scott*, 2011 U.S. Dist. LEXIS 5278 at *23 (striking litigation privilege defense).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

1   FDCPA."[91]

2   **3.   Eleventh Affirmative Defense – Third Persons' Comparative Fault/Negligence**

3   Defendants' Eleventh Affirmative Defense is pled as follows:

4

5       At all times and places mentioned in the CP, with respect to each and every claim
        therein, the plaintiffs and others were careless, reckless and negligent in and about the

6       matters and things alleged in the CP, which said carelessness, recklessness and
        negligence concurred in point of time with the alleged conduct of these responding

7       defendants, if any there may have been, and proximately caused and contributed to
        whatever injury and/or damage the plaintiff may have sustained, if any, and recovery by

8       the plaintiffs, if any, should be proportionately reduced according to the percentage of
        fault of said persons.[92]

9

10  Defendants offer the Court and the Plaintiff no factual basis whatsoever for this moving target

11  affirmative defense, and as such Defendants are not entitled to the defense as a matter of law pursuant

12  to *Iqbal* and *Twombly*.[93]  If Defendants believe that they are entitled to "equitable indemnity" based on

13  the "comparative fault" of some third-party, Defendants should file an appropriate cross-complaint.

14

15  Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it

16  should be stricken.[94]

17  **4.   Twelfth Affirmative Defense – Consent**

18  Defendants' Twelfth Affirmative Defense is pled as follows:

19

20      Each of the acts attributed to these defendants as alleged by plaintiff was consented to
        and welcomed by the plaintiff.[95]

21  Defendants offer the Court and Plaintiff no factual basis whatsoever for the moving target

22

23  affirmative defense of "consent" and as such Defendants are not entitled to the defense as a matter of

24

---

25  [91]  *Lopez Reyes v. Kenosian & Miele*, LLP, 619 F. Supp. 2d 796, 804 (N.D. Cal. 2008) (Jenkins, J.); *see also*, *Hartman*, 569 F.3d at 615.

26  [92]  Answer at 10:16-24.

27  [93]  *See, e.g.*, *Perez*, 2012 U.S. Dist. LEXIS 41080 at *41-42 (striking apportionment and equitable indemnity affirmative defenses).

28  [94]  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking comparative negligence defense).

[95]  Answer at 10:25 to 11:1.

MEMORANDUM OF POINTS AND AUTHORITIES            Case No. 5:12-CV-01245-LHK-HRL

law pursuant to *Iqbal* and *Twombly*.[96]   "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[97]   Furthermore, this defense is duplicative of Defendants' Fourth Affirmative Defense and is likewise not a defense to the FDCPA or the RFDCPA.[98]

> Out of an abundance of caution, we further note what should be obvious: a consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate, such as false, misleading, harassing or abusive communications.  Permitting such a waiver would violate the public policy goals pursued by the FDCPA.[99]

As such, this affirmative defense should be stricken from Defendants' <u>Answer</u>.

### 5.  Thirteenth Affirmative Defense – No Proximate Causation

Defendants' Thirteenth Affirmative Defense is pled as follows:

> All detriment, injury or loss, if any, suffered by plaintiff, arising from the events as alleged in the underlying CP, were not proximately caused by these responding defendants.[100]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[101] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies.  Finally, this defense has no bearing on the case at bar because the FDCPA is a strict liability statute.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[102]

---

[96]  *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion.");  *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense).

[97]  *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.  *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.

[98]  Cal. Civil Code § 1788.33 ("Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable.").

[99]  *Clark*, 460 F.3d at 1171, fn. 5.

[100]  <u>Answer</u> at 11:2-6.

[101]  *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

[102]  *Perez*, 2012 U.S. Dist. LEXIS 41080 at *41-42 (striking apportionment and equitable indemnity affirmative defenses).

---

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

### 6. Fourteenth Affirmative Defense – Conditions Precedent

Defendants' Fourteenth Affirmative Defense is pled as follows:

Plaintiff has failed to satisfy all conditions precedent to, and in accordance with, the terms and conditions of any alleged contract or agreement with these responding defendants, or any statute requiring performance of said conditions.[103]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[104] Further, this affirmative defense does not state which of the allegations in the Complaint to which it applies. Finally, this defense has no bearing on the case at bar because the FDCPA is a strict liability statute.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense and it should be stricken.[105]

### 7. Eighteenth Affirmative Defense – Adequate Remedy at Law

Defendants' Eighteenth Affirmative Defense is pled as follows:

Plaintiff is not entitled to injunctive or declaratory relief because any alleged injury to plaintiff is not immediate or irreparable, and plaintiff has an adequate remedy at law. His requested declaratory relief and injunctive remedy is a reiteration of his monetary claims, and is premature, as no damage is alleged in the CP to have occurred to plaintiff, and the subject matter of the CP is solely monetary, meaning no equitable remedy-based claim for relief is tenable against these defendants.[106]

This affirmative defense provides Plaintiff no notice upon which he can prepare a defense.[107] Moreover, this defense is immaterial to the current action. Plaintiff requests the Court strike this affirmative defense as inadequately pled and immaterial.

---

[103] <u>Answer</u> at 11:7-12.

[104] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

[105] *Perez*, 2012 U.S. Dist. LEXIS 41080 at *41-42 (striking apportionment and equitable indemnity affirmative defenses).

[106] <u>Answer</u> at 12:3-10.

[107] *Racick*, 270 F.R.D. at 236 ("The court finds that these boilerplate affirmative defenses, with no assertion of any facts that would allow drawing of reasonable inference that such defenses are plausible, fail to meet the notice pleading standard.").

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

### 8.   Nineteenth Affirmative Defense – Acquiescence

Defendants' Nineteenth Affirmative Defense is pled as follows:

At all times and places herein mentioned in the CP, and with respect to each and Claim for Relief in said CP, plaintiff is barred by the doctrine of acquiescence.[108]

Defendants offer the Court and Plaintiff no factual basis whatsoever for the moving target affirmative defense of "acquiescence" and as such Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.[109]   "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."[110]   Furthermore, this defense is duplicative of Defendants' Fourth and Twelfth Affirmative Defenses and, like those, is not a defense to the FDCPA or the RFDCPA.[111]

Out of an abundance of caution, we further note what should be obvious: a consumer's consent cannot waive protection from the practices the FDCPA seeks to eliminate, such as false, misleading, harassing or abusive communications.   Permitting such a waiver would violate the public policy goals pursued by the FDCPA.[112]

As such, this affirmative defense should be stricken from Defendants' <u>Answer</u>.

### 9.   Twentieth Affirmative Defense – Lack of Standing to Sue

Defendants' Twentieth Affirmative Defense is pled as follows:

At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred from any recovery because plaintiff, by his own allegations, lacks the necessary standing to sue these responding defendants and to recover any judgment therefrom.[113]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for the moving target affirmative defense of "standing."   Plaintiff's Complaint sufficiently states that he has suffered an

---

[108]   <u>Answer</u> at 12:11-15.
[109]   *Racick*, 270 F.R.D. at 237 (striking "doctrine of latches, waiver and/or estoppel" for failing "to meet the notice pleading requirements because it is a bare legal conclusion.");   *Scott*, 2011 U.S. Dist. LEXIS 5278 at *22-23 (striking estoppel defense).
[110]   *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.   *See also*, *Scott*, 2011 U.S. Dist. LEXIS 5278 at *20.
[111]   Cal. Civil Code § 1788.33 ("Any waiver of the provisions of this title is contrary to public policy, and is void and unenforceable.").
[112]   *Clark*, 460 F.3d at 1171, fn. 5.
[113]   <u>Answer</u> at 12:16-22.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01245-LHK-HRL

"injury-in-fact" and that the alleged injury suffered is particularized as to him.  Therefore, Defendants'

bald "standing" affirmative defense should be stricken.  Plaintiff is entirely unable to prepare a response

to such a vague and immaterial affirmative defense.

### 10. Twenty-First Affirmative Defense – Lack of Notice

Defendants' Twenty-First Affirmative Defense is pled as follows:

At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred from any recovery because these responding defendants had no knowledge or notice of the activities alleged in the CP until after the CP was filed.[114]

Defendants offer the Court and the Plaintiff no factual basis whatsoever for the moving target

affirmative defense of "lack of notice."  Moreover, there is no "notice" requirement contained in the

FDCPA.  Plaintiff is entirely unable to prepare a response to such a vague and immaterial affirmative

defense.

### V.  CONCLUSION

The *Twombly/Iqbal* pleading standard requires a plaintiff to plead something more than mere

"labels and conclusions."  A defendant should be held to the same standard and should not be able to

assert a laundry list of defenses hoping to find at a later date some fact that supports the defense.  In this

instance, Defendants have not set forth sufficient facts in support of any of the affirmative defenses

contained in the <u>Answer</u>.  It is impossible to determine if any of the twenty-four affirmative defenses

pled by Defendants in the <u>Answer</u> are plausible.  Therefore, Plaintiff requests that each of these

defenses be stricken and that Defendants be granted leave to amend the Answer to assert adequate

defenses under the *Twombly/Iqbal* standard.

/ / /

/ / /

---

[114]  <u>Answer</u> at 12:23 to 13:1.

MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:12-CV-01245-LHK-HRL

CONSUMER LAW CENTER, INC.

Dated:  June 6, 2012                    By: /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
                                            Attorney for Plaintiff
                                            ALLEN ANSARI