UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI, | Case No. 5:12-CV-01245-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| ELECTRONIC DOCUMENT PROCESSING, INC., a California corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Allen Ansari ("Plaintiff") brings this action against Defendants Electronic Document Processing, Inc. ("EDP") and Dustin K. Ferro ("Ferro") (collectively "Defendants"), for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq. See* ECF No. 1 ("Compl.") ¶ 1, 2. The matter comes before the Court now on Plaintiff's Motion to Strike Defendants' Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f) ("Motion"). ECF No. 20. Having considered the submissions of the parties and the relevant law, the Court GRANTS Plaintiff's motion to strike.

I.   BACKGROUND

On March 13, 2012, Plaintiff filed a complaint and demand for jury trial against Defendants for alleged violations of the FDCPA and RFDCPA. Compl. ¶ 2. EDP is a company that performs

1

tasks associated with service of process for parties involved in litigation. *Id.* ¶¶ 21, 24, 55. Ferro is a registered process server who performs services on EDP's behalf. *Id.* ¶ 11, 21.

Plaintiff alleges that on February 18, 2011, a lawsuit, captioned *Equable Ascent Financial, LLC v. Allen Ansari, et al.* ("the state court action"), was initiated against Plaintiff in the California Superior Court for the County of Santa Clara, by Patenaude & Felix, APC. *Id.* ¶ 46. The lawsuit related to a debt purportedly owed by Plaintiff. *Id.* Patenaude & Felix engaged Defendants to serve legal process on Plaintiff. *Id.* ¶ 47. Plaintiff alleges that on or about June 6, 2011, Defendants filed a proof of service with the state court stating that Ferro had personally served Plaintiff with the summons and complaint on April 5, 2011. *Id.* ¶ 48. Plaintiff alleges that Defendants' statements in the proof of service were false because Plaintiff was not, and has not been, served personally or otherwise. *Id.* ¶ 49. Plaintiff alleges that he did not become aware of the state court action until on or about April 13, 2011, when he received a letter informing him of the lawsuit. *Id.* ¶ 54.

Defendants filed an Answer, in which they asserted twenty-four affirmative defenses: (1) failure to state a claim; (2) dishonest conduct; (3) laches; (4) waiver; (5) estoppel; (6) mitigation of damages; (7) allocation of fault to third persons; (8) lack of subject matter jurisdiction; (9) First Amendment; (10) failure of performance of conditions; (11) reduction due to comparative fault; (12) consent; (13) no proximate causation; (14) conditions precedent; (15) negligence of third persons; (16) improper joinder; (17) illusory, non-quantified damages; (18) adequate remedy at law; (19) acquiescence; (20) lack of standing to sue; (21) lack of notice; (22) statute of limitations; (23) exemptions and immunities; and (24) right to assert further affirmative defenses. *See* ECF No. 18 ("Answer").

On June 6, 2012, Plaintiff filed the instant motion to strike all twenty-four affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). *See* Motion. Defendants filed their opposition on June 20, 2012. *See* ECF No. 23 ("Opposition"). Plaintiff filed his reply on June 23, 2012. *See* ECF No. 24 ("Reply").

## II. MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. Legal Standard

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense may be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see generally* Fed. R. Civ. P. 8. A court may also strike from an answer matter that is immaterial, *i.e.*, "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, *i.e.*, that which does not pertain, and is not necessary, to the issues in question. *Fantasy*, 984 F.2d at 1527.

As a threshold matter, the parties dispute what standard applies to Defendants' pleading of affirmative defenses. Specifically, the parties dispute whether the heightened "plausibility" pleading standard for complaints announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and extended to all civil complaints in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), defines what constitutes "fair notice" of an affirmative defense pled in an answer. Motion at 4; Opposition at 4.

*Twombly* and *Iqbal* held that "Rule 8... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Rather, "in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' " *Twombly,* 550 U.S. at 554–55 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957)), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A pleading that offers

1   'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.' "
2   *Id.* (quoting *Twombly,* 550 U.S. at 555).
3        Plaintiff contends this standard applies to Defendants' affirmative defenses as well as the
4   allegations in the Complaint. Motion at 4-7. Defendants contend that it does not. Opposition at 4-
5   7. Notably, neither the Supreme Court nor the circuit courts have directly addressed the issue. The
6   district courts that have addressed the issue are split. *See Perez v. Gordon & Wong Law Group,*
7   *P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012). However,
8   the "vast majority," including this Court and others within the Northern District of California, have
9   found that the heightened pleading standard announced in *Twombly* and *Iqbal* does apply to
10  affirmative defenses. *See, e.g.*, *id.* (collecting cases); *Barnes v. AT & T Pension Benefit Plan-*
11  *Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (collecting cases).
12       Defendants, nevertheless, proffer two arguments as to why *Twombly* and *Iqbal's*
13  plausibility standard should not be applied to affirmative defenses. First, Defendants argue that
14  Federal Rule of Civil Procedure 8(a)(2), which sets forth the pleading standard for complaints,
15  requires a plaintiff to "show[]" he is entitled to relief, whereas, Federal Rule of Civil Procedure
16  8(b)(1)(a), which applies to affirmative defenses, only requires a defendant to "state" its defenses
17  to each claim. Opposition at 5. Defendants argue that applying a lower standard to pleading
18  affirmative defenses is consistent with the Ninth Circuit's holding in *Wyshak* that plaintiffs are only
19  entitled to "fair notice of [each] defense." Opposition at 6 (quoting *Wyshak*, 607 F.2d at 827).
20       Second, Defendants argue that it would be unrealistic to expect them to plead affirmative
21  defenses at the same level of detail as Plaintiff's allegations because they only had twenty-one days
22  to prepare their answer, whereas Plaintiff had a year or more to investigate and prepare the claims
23  in the Complaint. Motion at 6. Defendants argue that, if they are only permitted to allege
24  affirmative defenses that they could support with the same level of factual detail as the allegations
25  in the Complaint, they would be forced to waive their remaining affirmative defenses. *Id.* at 7.
26       This Court previously considered both of Defendants arguments in *Perez*. With respect to
27  Defendants' first argument, as set forth in *Perez*, notwithstanding the textual differences between
28  Rule 8(a)(2) and Rule 8(b)(1)(a), "it is well established that '[a]ffirmative defenses are governed by

the same pleading standard as complaints.' " *Id.* (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)). Furthermore, as to Defendants' second argument, the twenty-one days given to Defendants to respond with affirmative defenses is not unfair because "this Circuit has liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading and allows affirmative defenses to be asserted in a later motion absent prejudice to the non-moving party." *Perez*, 2012 WL 1029425 at *7 (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *3 (N.D. Cal. Jan. 17, 2012)).

Thus, as it did in *Perez*, the Court rejects Defendants' arguments and sides with the vast majority of district courts that have held that *Twombly* and *Iqbal* do apply to affirmative defenses. *See Perez*, 2012 WL 1029425 at *8 (collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.' " *Id.* (quoting *Barnes*, 718 F. Supp. 2d at 1172). "This standard is also consistent with *Iqbal's* admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Perez*, 2012 WL 1029425 at *8 (citing *Iqbal*, 556 U.S. at 678-79).

Applying the standards set forth in *Twombly* and *Iqbal*, the Court holds that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez*, 2012 WL 1029425 at *8 (quoting *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011)). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425 at *8 (quoting *Dion*, 2012 WL 160221, at *2 (internal citations omitted)). "If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Perez*, 2012 WL 1029425 at *8 (citing *Helm v. Alderwoods Grp., Inc.*, No. C 08-1184 SI, 2011 WL 5573837, at *2 (N.D. Cal. Nov. 15, 2011)). When striking an affirmative

defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak*, 607 F.2d at 826.

### B. Discussion of Affirmative Defenses

Defendants assert twenty-four affirmative defenses in their Answer. All of these defenses appear to be boilerplate assertions, and Plaintiff urges that they all be dismissed as insufficiently pled, not an affirmative defense, or immaterial. The Court has reviewed all twenty-four and reaches the following conclusions.

#### i. Defense Insufficiently Pled

Plaintiff argues that all of Defendants' affirmative defenses should be stricken as insufficiently pled under the *Iqbal*/*Twombly* plausibility standard. Motion at 8. The Court agrees with Plaintiff that all of Defendants' affirmative defenses are mere recitations of legal conclusions. *Id.* Each of the twenty-four affirmative defenses fails to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face." *Barnes*, 718 F. Supp. 2d at 1172. For example, Defendants' second affirmative defense, "Dishonest Conduct," reads in its entirety: "Plaintiff is barred from the recovery sought in the CP based upon the dishonest and/or fraudulent conduct of the plaintiff and/or his employees, and their unclean hands." Answer at 8. Defendants utterly fail to identify what this dishonest conduct was. In their Opposition, Defendants contend that "Plantiff[] lie[d] about the allegedly false proof of service" (Opposition at 8), but Defendants fail to point to any factual allegations in their Answer showing that Plaintiff knowingly misstated the truth (i.e. lied) when he alleged that he did not receive service. Defendants' fourteenth affirmative defense, "conditions precedent," states in its entirety: "Plaintiff has failed to satisfy all conditions precedent to, and in accordance with, the terms and conditions of any alleged contract or agreement with these responding defendants, or any statute requiring performance of said conditions." Answer at 11. Here, Defendants fail to point to the relevant terms and conditions of an identifiable contract or agreement that Plaintiff allegedly failed to satisfy. Another example can be seen from Defendants' twenty-third affirmative defense, "exemptions and immunities," which reads in its entirety: "Defendants are entitled to statutory exemptions from prosecution by plaintiff in this action, and are entitled to immunities provided by

6

state and appellate law, barring this lawsuit against these defendants." *Id.* at 13. Defendants do not, in this section, provide any reference to the relevant statute or law that would provide the immunity or exemption to which Defendants claim they are entitled.[1] All of the affirmative defenses in Defendants' Answer are similarly deficient. Without providing the underlying factual bases, Plaintiff cannot ascertain the grounds for Defendants' various affirmative defenses and is thus deprived of fair notice. *See, e.g.*, *Perez*, 2012 WL 1029425 at *10-11 (striking affirmative defenses where defendants failed to set forth the factual bases for their defenses); *Barnes*, 718 F. Supp. 2d at 1172 (same); *Qarbon.com*, 315 F. Supp. 2d at 1049-50 (same).

Accordingly, all twenty-four affirmative defenses raised by Defendants are insufficiently pled, and Plaintiff's motion to strike is GRANTED as to all twenty-four affirmative defenses.

### ii. Defenses That Are Not Actually Affirmative Defenses

The Court observes that some of the affirmative defenses may also be stricken on grounds that they are not actually affirmative defenses. Specifically, the first (failure to state a claim), the seventeenth (illusory, non-quantified damages), twentieth (lack of standing to sue), and the twenty-fourth (right to assert further affirmative defenses) are not actually affirmative defenses. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Perez*, 2012 WL 1029425 at *11 (quoting *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987)). The defendant bears the burden of proof on an affirmative defense. *See Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988). In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Thus, Defendants' first affirmative defense, based on failure to state a claim upon which relief can be granted, is better understood as a denial of Plaintiff's allegations rather than as an affirmative defense. *See Perez*, 2012 WL

---

[1] In their Opposition, Defendants assert that this defense applies because, as used in the FDCPA, the term "debt collector" does not include "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." Opposition at 12 (quoting 15 U.S.C. § 1692a(6)(d)). However, their Answer neither references the relevant statute, nor alleges any facts in support of this theory. *See* Answer at 13. Defendants' *post-hoc* effort to explain this affirmative defense will not suffice to save it.

7

Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES

1029425 at *11 (striking affirmative defense of failure to state a claim because it was not a proper affirmative defense); *Barnes*, 718 F. Supp. 2d at 1174 (same). Likewise, Defendants' seventeenth affirmative defense for illusory, non-quantified damages (which Defendants contend means "Plaintiff has not been damaged" (Opposition at 13)) is not an affirmative defense but rather a denial of Plaintiff's allegations in his Complaint regarding his damages. *See* Answer at 11-12; *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–00168–LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). Defendants' twentieth affirmative defense regarding Plaintiff's alleged lack of standing is also not an affirmative defense but rather a denial of Plaintiff's allegations regarding his standing to sue. *See* Answer at 12; *Perez*, 2012 WL 1029425 at *11. Lastly, Defendants' twenty-fourth defense merely attempts to reserve the right for Defendants to raise available affirmative defenses "as they become ascertained." *See* Answer at 13; *Perez*, 2012 WL 1029425 at *11. This is not an affirmative defense.

   Accordingly, the Court strikes Defendants' first, seventeenth, twentieth, and twenty-fourth affirmative defenses because, in addition to being inadequately pled, they are not proper affirmative defenses. Defendants may not re-allege these defenses in an amended answer, but they are not precluded from raising these grounds in a properly made motion.

### iii. Immaterial and Impertinent Defenses

   Plaintiff also argues that Defendants third, ninth, eleventh, twelfth, thirteenth, fourteenth, eighteenth, nineteenth, twentieth, and twenty-first defenses should be stricken because they are immaterial. A matter is immaterial if it has "no essential or important relationship to the claim for relief or the defenses being plead." *Perez*, 2012 WL 1029425 at *4. The Court agrees that some of Defendants' defenses may be immaterial. For example, Defendants' eleventh affirmative defense is applicable to causes of action involving negligence. *See G & G Closed Circuit Events,* 2010 WL 3749284 at *5 (holding that comparative negligence of third parties defense was immaterial where complaint did not allege a cause of action for negligence). Here, beyond a form allegation that Defendants are "responsible [for Plaintiff's injuries].... either by act or omission, strict liability, fraud, deceit, fraudulent concealment, *negligence*, respondeat superior, [or] breach of contract," Plaintiff does not allege negligence. Compl. ¶ 14 (emphasis added). In light of the Courts' ruling

that Defendants' affirmative defenses are insufficiently pled, the Court declines to rule as to whether each affirmative defense is material.  However, Defendants, in amending their answer, should include only those affirmative defenses that pertain to the causes of action at issue.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike all twenty-four affirmative defenses is GRANTED.  Because leave to amend affirmative defenses should be freely given where it will not prejudice the moving party, and Plaintiff here has specifically asked that Defendants be given leave to amend (*see* Motion at 22), the Court grants Defendants leave to amend all affirmative defenses except the first, seventeenth, twentieth, and twenty-fourth defenses, which are not in fact affirmative defenses.  *See Wyshak*, 607 F.2d at 826 (holding that leave to amend should be freely given so long as no prejudice to the moving party results).  Defendants may file an amended Answer in accordance with this Order within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 10, 2012

_____
LUCY H. KOH
United States District Judge