*E-FILED: February 14, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI,<br><br>             Plaintiff,<br><br>    v.<br><br>ELECTRONIC DOCUMENT PROCESSING, INC.; D/B/A EDP LEGAL SERVICES, INC., a California corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>             Defendants.<br>_____ / | No. C12-01245 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>[Re: Docket No. 47] |

Plaintiff Allen Ansari sues Electronic Document Processing, Inc. (EDP) and Dustin K. Ferro for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, et seq. EDP is a service of process company. Ferro is an EDP process server. Ansari's allegations arise out of a state court lawsuit filed against him in an attempt to collect a debt he reportedly owed. He claims that defendants filed a proof of service in that action, falsely stating that he had been personally served with process.

In Discovery Dispute Joint Report (DDJR) #1, plaintiff seeks an order compelling EDP to produce additional documents in response to Request for Production Nos. 4, 9, 10, and 14. The matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). Having

considered the parties' respective positions, and for the reasons stated below, plaintiff's request to compel discovery is granted in part and denied in part.

Preliminarily, this court notes that the parties did not fully comply with the undersigned's Standing Order re Civil Discovery Disputes. Specifically, the parties' efforts at meet-and-confer negotiations appear to have been less than stellar. This court is told that over the past several months, the parties exchanged some letters. But, they could not agree on a telephonic conference or on a date and place for the required in-person meeting between the parties' lead counsel. Nevertheless, they proceeded to file DDJR #1 anyway, each side blaming the other for the breakdown in negotiations. Additionally, EDP says that none of plaintiff's meet-and-confer correspondence addressed issues now being raised with respect to Request Nos. 9, 10, and 14. Plaintiff does not deny that assertion. Accordingly, plaintiff's request for an order compelling further discovery as to Request Nos. 9, 10, and 14 is denied. The denial is without prejudice to renew the matter upon a properly filed DDJR if good faith meet-and-confer negotiations do not resolve the dispute. Suffice to say that this court will not look favorably upon any future DDJR that fails to fully comply with the undersigned's standing order.

That leaves Request No. 4. Although this court is underwhelmed by the meet-and-confer efforts that preceded the instant DDJR, it will rule on the issues raised as to that request. In essence, Request No. 4 seeks all documents, including electronically stored information (ESI), relating to or evidencing defendant Ferro's service attempts and completed service from June 1, 2010 to the present.[1] EDP has produced some documents—namely, Ferro's billing summaries and hard copy spreadsheet data that appears to pertain to service of process by Ferro. Plaintiff contends that the production is incomplete and that no ESI has been produced.

Plaintiff argues that service logs have not been produced and that not all of the information sought by Request No. 4 is contained within the documents that have been

---

[1] As drafted, Request No. 4 seeks "All DOCUMENTS and ESI RELATING to or EVIDENCING any service attempt, whether completed or otherwise, reported to YOU by DUSTIN K. FERRO from June 1, 2010, through the present. The DOCUMENTS and ESI must be produced in a searchable and sortable format such as a spreadsheet and must be sufficient to identify the date, time, name, address, service notes, type/kind of service, court, case number, tracking/order number, reporting device, report time and date, and status or result of each service attempt." (Dkt. No. 47, DDJR #1, Deft's Ex. 1).

2

1 produced. EDP says that it has produced all non-privileged documents in its possession,
2 custody, and control. (Dkt. No. 47, DDJR #1 at 9). To the extent plaintiff seeks production of
3 documents that EDP says it does not have, plaintiff's request for an order compelling further
4 discovery is denied.

5 With respect to the produced billing summaries, the key dispute is whether EDP
6 properly redacted information reflecting the Control Number, Person to Serve, Address, and
7 Document Served. Plaintiff has submitted copies of sample pages of these billing summaries.
8 (Dkt. No. 47, DDJR #1, Plaintiff's Exhibit, EDPI 00007 and EDPI 00272). EDP says that the
9 redactions are necessary to protect third-party privacy rights. Plaintiff says that the information
10 he seeks typically is included in proofs of service that are publicly filed in court records. The
11 billing summaries in question contain a "Proofed" date. It is not clear exactly what that means,
12 but it suggests that all of the information plaintiff seeks is contained in publicly filed proofs of
13 service. And, in any event, EDP has produced spreadsheets (discussed below) that appear to
14 contain the same type of information it says is private. Accordingly, within 14 days from the
15 date of this order, EDP shall produce the billing summaries to plaintiff in unredacted form.

16 As for EDP's spreadsheet data, plaintiff complains that the hard copy spreadsheets are
17 not useful. He has submitted copies of sample pages of those documents. (Dkt. No. 47, DDJR
18 #1, Plaintiff's Exhibit, EDPI 00362, EDPI 00422, EDPI 00545, and EDPI 00609). Much of the
19 text is cut off or obscured. Additionally, the information appears to spread across several 8.5" x
20 11" sheets of paper, making it difficult to read what information pertains to an individual
21 record. Plaintiff points out that Request No. 4 specified that information be produced in
22 "searchable and sortable format such as a spreadsheet" because he wants to be able to view
23 Ferro's service records chronologically. Being able to view the records in chronological order,
24 says plaintiff, is key to determining whether defendants engaged in physically impossible
25 service attempts, e.g., being in two places at one time or impossible travel times between
26 different locations. Because the spreadsheet hard copy data has not been organized by date,
27 plaintiff says that he will be required to manually re-enter the information into a spreadsheet
28 program and then sort it. EDP acknowledges that all of the information it produced is stored

electronically. Nevertheless, it contends that its only obligation is to produce hard copy documents as they are maintained in the ordinary course of its business.

A party may request the production of "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." FED. R. CIV. P. 34(a)(1)(A). Unless otherwise stipulated by the parties or ordered by the court—a responding party (1) "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request"; and (2) "need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E)(i), (iii).

If the responding party objects to a requested form for production of electronically stored information, then the responding party must state, in its discovery response, the form or forms it intends to use. FED. R. CIV. P. 34(b)(2)(D). When there is no party agreement or court order specifying the form of production, Rule 34 "does not require a party to produce electronically stored information in the form in which it is ordinarily maintained, as long as it is produced in a reasonably usable form." Fed. R. Civ. P. 34, advisory committee's note to 2006 Amendment. But this "does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation." Id. "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." Id.

Here, plaintiff specifically requested that documents and ESI be produced "in a searchable and sortable format such as a spreadsheet." EDP objected to the production of a "'searchable and sortable' formatted document to the extent that such document does not exist," but it did not identify the form in which the information would be produced (or, at least, it did not clearly state that hard copy documents would be produced). When a responding party

4

1  produces ESI in a form of its choice, without providing notice of that form in its discovery
2  response, it "runs a risk that the requesting party can show that the produced form is not
3  reasonably usable and that it is entitled to production of some or all of the information in an
4  additional form." Fed. R. Civ. P. 34, advisory committee's note to 2006 Amendment.

5       Under the circumstances presented here, this court finds that the hard copy spreadsheets
6  produced are not reasonably usable. Accordingly, within 14 days from the date of this order,
7  EDP shall produce the spreadsheet data in an electronic and reasonably usable format. As noted
8  above, EDP says that the information is maintained electronically. There is nothing in the
9  record presented indicating that it would be an unduly burdensome task to provide the data to
10 plaintiff in such a format.

11      SO ORDERED.

12 Dated: February 14, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-01245-LHK Notice has been electronically mailed to:

Fred W. Schwinn     fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

Raeon Rodrigo Roulston     raeon.roulston@sjconsumerlaw.com

Steven S. Nimoy     SNimoy@slfesq.com, GDrozin@slfesq.com