UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC DOCUMENT PROCESSING, INC., a California corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 5:12-CV-01245-LHK<br><br>ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND DISCOVERY DEADLINE AND CONTINUE ALL SCHEDULED DATES 60 DAYS |

On February 15, 2013, Plaintiff Allen Ansari ("Plaintiff") filed an administrative motion seeking to extend the February 15, 2013 deadline for discovery and continue all scheduled dates in the case by 60 days. *See* ECF No. 53. Plaintiff states that Plaintiff deposed certain employees of Defendant Electronic Document Processing ("EDP") on February 13 and 14, 2013. *Id.* at 2. Plaintiff states that, at these depositions, "it became clear that there are many documents in the possession, custody[,] or control of EDP[ that are] responsive to [Plaintiff's] discovery requests[ and] that have not been produced." Plaintiff further states that, on February 14, 2013, Magistrate Judge Lloyd ruled on the parties' Discovery Dispute Joint Report #1 (ECF No. 47) and ordered EDP to produce electronic spreadsheet data of Defendants' service attempts on persons other than the Plaintiff. ECF No. 53 at 2. Plaintiff represents that Plaintiff will require additional time to

1

Case No. 5:12-CV-01245-LHK
ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND DISCOVERY DEADLINE AND CONTINUE ALL SCHEDULED DATES 60 DAYS

1  review the new information and also, potentially, to "depos[e]… [Federal Rule of Evidence] 404(b)
2  witnesses." *Id.* at

3       Defendants oppose Plaintiff's request for an extension of the dates and deadlines in this
4  case. *See* ECF No. 55. Defendants represent that there are no new documents to be produced. *Id.*
5  at 2. Defendants contend that Judge Lloyd's Order merely requires Defendants to produce certain
6  spreadsheets containing information relating to individuals served by Defendant Justin Ferro that
7  were previously produced in hard-copy with redactions of the individuals' personal information
8  (e.g. addresses), in electronic form and without the redactions. *Id.* Defendants represent that they
9  will comply with Judge Lloyd's Order by February 28, 2013 (the date set forth in the Order). *Id.*
10 Defendants further contend that Plaintiff's request for more time to interview and depose potential
11 Rule 404(b) witnesses is in fact an effort to solicit witnesses who will testify that, like Plaintiff,
12 they were not served by Defendants. *Id.*

13      The Court declines to extend the discovery deadline or to continue any of the other dates in
14 this case. Federal Rule of Civil Procedure 16(b)(4) provides that: "A schedule may be modified
15 only for good cause and with the judge's consent." Here, the Court finds that Plaintiff has failed to
16 make a showing of good cause to extend the case schedule. Plaintiff contends that "there are many
17 documents… that have not been produced." ECF No. 53 at 1-2. However, Plaintiff does not
18 identify what these documents are. Plaintiff also contends that Plaintiff will require additional time
19 to "gain EDP's compliance with" Judge Lloyd's Order. *Id.* at 2. However, Defendants represent
20 that they will produce the spreadsheet discussed in Judge Lloyd's Order by the February 28, 2013
21 deadline set forth in the Order. Plaintiff has identified no evidence supporting the conclusion that a
22 60 day extension of the discovery deadline is required in order to ensure Defendants produce a
23 spreadsheet. Finally, the Court is not persuaded by Plaintiff's vague assertion that, after receiving
24 the spreadsheet, Plaintiff will need to take additional discovery and to depose additional potential
25 404(b) witnesses. *See id.* at 3. Indeed, to the extent that Plaintiff is simply intending to depose
26 new witnesses to gain evidence that Defendant Ferro falsely represented that he had served those
27 witnesses just as he falsely represented that he served Plaintiff, this evidence would likely not be

2

United States District Court
For the Northern District of California

admissible pursuant to Rule 404 and 403.  *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.");  Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

For the reasons set forth above, Plaintiff's request to extend the discovery deadlines and continue all scheduled dates in the case by 60 days is DENIED.

**IT IS SO ORDERED.**

Dated: February 22, 2013

_____
Lucy H. Koh
United States District Judge

3
Case No. 5:12-CV-01245-LHK
ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND DISCOVERY DEADLINE AND CONTINUE ALL SCHEDULED DATES 60 DAYS