UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI,<br><br>  Plaintiff,<br><br> v.<br><br>ELECTRONIC DOCUMENT PROCESSING, INC., a California corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 5:12-CV-01245-LHK<br><br>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER |

Plaintiff Allen Ansari ("Plaintiff") brings this action against Defendants Electronic Document Processing, Inc. ("EDP") and Dustin K. Ferro ("Ferro") (collectively "Defendants"), for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq*. *See* ECF No. 1 ("Compl.") ¶ 1, 2. The Court previously granted Plaintiff's Motion to Strike Defendants' Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f) with leave to amend. *See* ECF No. 33. Defendants subsequently filed an Amended Answer to Plaintiff's Complaint. *See* ECF No. 36.

The matter comes before the Court now on Plaintiff's Motion to Strike Defendants' Affirmative Defenses from the Amended Answer. ECF No. 37 ("Mot."). Pursuant to Civil Local

1  Rule 7–1(b), the Court has determined that this matter is appropriate for resolution without a
2  hearing and accordingly vacates the hearing on the motion set for February 28, 2013. The Court
3  continues the case management conference from February 28, 2013 to May 9, 2013 at 1:30 p.m.
4  All case deadlines remain as set forth in the case schedule issued on September 10 2012. *See* ECF
5  No. 34. Having considered the submissions of the parties and the relevant law, the Court
6  GRANTS Plaintiff's motion to strike.

7  **I.     BACKGROUND**

8  On March 13, 2012, Plaintiff filed a complaint and demand for jury trial against Defendants
9  for alleged violations of the FDCPA and RFDCPA. Compl. ¶ 2. EDP is a company that performs
10 tasks associated with service of process for parties involved in litigation. *Id.* ¶¶ 21, 24, 55. Ferro is
11 a registered process server who performs services on EDP's behalf. *Id.* ¶ 11, 21.

12 Plaintiff alleges that on February 18, 2011, a lawsuit, captioned *Equable Ascent Financial,*
13 *LLC v. Allen Ansari, et al.* ("the state court action"), was initiated against Plaintiff in the California
14 Superior Court for the County of Santa Clara, by Patenaude & Felix, APC. *Id.* ¶ 46. The lawsuit
15 related to a debt purportedly owed by Plaintiff. *Id.* Patenaude & Felix engaged Defendants to
16 serve legal process on Plaintiff. *Id.* ¶ 47. Plaintiff alleges that on or about June 6, 2011,
17 Defendants filed a proof of service with the state court stating that Ferro had personally served
18 Plaintiff with the summons and complaint on April 5, 2011. *Id.* ¶ 48. Plaintiff alleges that
19 Defendants' statements in the proof of service were false because Plaintiff was not, and has not
20 been, served personally or otherwise. *Id.* ¶ 49. Plaintiff alleges that he did not become aware of
21 the state court action until on or about April 13, 2011, when he received a letter informing him of
22 the lawsuit. *Id.* ¶ 54.

23 Defendants filed an Answer, in which they asserted twenty-four affirmative defenses. *See*
24 ECF No. 18 ("Answer"). On June 6, 2012, Plaintiff filed a motion to strike all twenty-four of the
25 affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). *See* ECF No. 20. In an
26 order dated September 10, 2012, the Court granted Plaintiff's motion to strike as to all twenty-four
27 affirmative defenses. *See* ECF No. 33 ("First MTS Order"). The Court granted leave to amend

28
2
Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER

with respect to twenty of the twenty-four dismissed defenses[1]. *Id.* Defendants were given 21 days to file an amended answer. *Id.* Subsequently, Defendants filed an Amended Answer alleging twenty affirmative defenses[2] on September 24, 2012. ECF No. 36.

On October 18, 2012, Plaintiff filed the instant motion to strike all twenty affirmative defenses in the Amended Answer pursuant to Federal Rule of Civil Procedure 12(f). *See* Mot. Defendants filed their opposition on November 1, 2012. *See* ECF No. 38 ("Opposition"). In their Opposition, Defendants explicitly waived affirmative defenses 2, 8, 11, 12, 13, 19, and 20. *Id.* at 2. Plaintiff filed his reply on November 2, 2012. *See* ECF No. 39 ("Reply").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Federal Rule of Civil Procedure 8(c) similarly requires that a party "affirmatively state any avoidance or affirmative defense." Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense may be stricken as insufficient if it fails to give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see generally* Fed. R. Civ. P. 8. A court may also strike from an answer matter that is immaterial, *i.e.*, "that which has no essential or important relationship to the claim for relief or the defenses being plead," or matter that is impertinent, *i.e.*, that which does not pertain, and is not necessary, to the issues in question. *Fantasy*, 984 F.2d at 1527.

---

[1] The remaining four affirmative defenses (first, seventeenth, twentieth, and twenty-fourth) were stricken without leave to amend because they were not in fact affirmative defenses. *See* ECF No. 33 at 9.

[2] The Amended Answer incorrectly numbers its twenty affirmative defenses from one to twenty-two. The Amended Answer skips affirmative defenses numbered seventeen and eighteen. *See* ECF No. 36 at 11-12. All references to specific defenses herein are to the numbering provided by Defendants in their Amended Answer.

1    As a threshold matter, the parties again dispute what standard applies to Defendants' pleading of affirmative defenses. Specifically, the parties dispute whether the heightened "plausibility" pleading standard for complaints announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and extended to all civil complaints in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), defines what constitutes "fair notice" of an affirmative defense pled in an answer. Reply at 2; Opposition at 3. However, the Court has already addressed this issue in its order granting Plaintiff's motion to strike the original twenty-four affirmative defenses. *See* ECF No. 33 at 3-6. Thus, the Court again rejects Defendants' arguments and sides with the vast majority of district courts that have held that *Twombly* and *Iqbal* do apply to affirmative defenses. *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012) (collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.' " *Id.* (quoting *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)). "This standard is also consistent with *Iqbal's* admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Perez*, 2012 WL 1029425 at *8 (citing *Iqbal*, 556 U.S. at 678-79).

Applying the standards set forth in *Twombly* and *Iqbal*, the Court holds that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez*, 2012 WL 1029425 at *8 (quoting *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011)). In order to satisfy Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425 at *8 (quoting *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (internal citations omitted)).[3]

---

[3] The Court reiterates that, in this Order, the Court addresses only the standard for pleading *affirmative* defenses (*i.e.* defenses for which Defendants bear the burden) as Plaintiff is only

4

Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER

### III. DISCUSSION

#### a. Defenses Waived

As an initial matter, Defendants have waived seven affirmative defenses in their Opposition: (2) Laches; (8) First Amendment; (11) Consent; (12) No Proximate Cause; (13) Conditions Precedent; (19) Acquiescence; and (20) Lack of Notice. *See* Opposition at 2. Accordingly, Plaintiff's motion to strike is GRANTED as to these seven affirmative defenses without leave to amend.

#### b. Defenses Insufficiently Pled

With respect to Defendants' remaining affirmative defenses, Plaintiff argues that all of Defendants' affirmative defenses should be stricken as insufficiently pled under the *Iqbal*/*Twombly* plausibility standard. Mot. at 3-4, 7. Each of these defenses was previously stricken on the grounds that the defenses were insufficiently pled. *See* First MTS Order at 7. The Court agrees with Plaintiff that Defendants have not adequately addressed the deficiencies and that, accordingly, each of Defendants' affirmative defenses should be stricken.

As an initial matter, Defendants have made no amendments at all to affirmative defenses six (Allocation of Fault to Third Persons), nine (Failure of Performance of Conditions), or sixteen (Adequate Remedy at Law). These affirmative defenses were previously stricken with leave to amend for failure to set forth the factual basis of such defenses. *See* ECF No. 33. In light of Defendants' failure to amend their allegations with respect to these defenses, the Court once again concludes that these defenses should be stricken.

As to the remaining affirmative defenses, Defendants have made only minor additions to their previous allegations. For example, Defendants' fourth amended affirmative defense, "Estoppel," reads: "At all times and places herein mentioned in the CP, and with respect to each and every Claim for Relief in said CP against these responding defendants, plaintiff is barred by

---

moving to strike defenses that Defendants have characterized as affirmative defenses in the Amended Answer. This Order should not be construed as addressing the pleading requirements for defenses which are not affirmative defenses (*i.e.* defenses that "demonstrate[] that [P]laintiff has not met [his] burden of proof" (*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002))). This Order also should not be construed as limiting Defendants' ability to raise, at a later stage, any defense which attacks the sufficiency of Plaintiff's evidence supporting his claims.

the doctrine of estoppel, based upon misrepresentations contained in the CP." Amended Answer at 9 (the underlined text reflects the addition to the previous version of the defense). Defendants' allegation is not sufficient. "The defense of equitable estoppel is established by showing: "(1) the party to be estopped [knew] the facts; (2) [the party intended] that his conduct [would] be acted upon; (3) the other party [was] ignorant of the true facts; and (4) [the other party relied] upon the conduct to his injury." *Golden W. Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 47 (1994). Defendants have alleged no facts to support any of these elements and have not identified the "misrepresentations contained in the" complaint. In Defendants' Opposition, Defendants attempt to remedy these deficiencies by stating that "Plaintiff is making a misrepresentation of fact by denying service of process and should be estopped from making the claim." Opposition at 10. However, even this additional explanation fails to show that: (1) Plaintiff knew he received service; (2) Plaintiff "intended" that his "conduct" would be relied upon in some way by Defendants; (3) Defendants were "ignorant" of the fact that Plaintiff received service; or (4) Defendants relied on Plaintiff's conduct to their detriment. *Golden W. Baseball*, 25 Cal. App. 4th at 47. Thus, the Court concludes that Defendants' "Estoppel" defense fails to provide sufficient information regarding "the underlying factual bases of the defense." *Perez*, 2012 WL 1029425 at *8.[4]

As another example, Defendants' twenty-second affirmative defense, "Exemptions and Immunities," states in its entirety: "Defendants are entitled to statutory exemptions from prosecution by plaintiff in this action, and are entitled to immunities provided by state and appellate law, barring this lawsuit against these defendants, including, but not limited to, the attorney work product privilege and the litigation privilege." Amended Answer at 13 (underlined text reflects the addition to the previous version of the defense). Here, except for a vague reference to the "work product privilege," Defendants fail to point to the relevant state or appellate law that

---

[4] The Court notes that, while Defendants' Dishonest Conduct and Estoppel defenses include the allegation that Plaintiff's representations regarding service are fraudulent (*i.e.* knowingly false), these defenses are, in essence, simple denials of Plaintiff's factual allegations regarding service and do not need to be alleged as affirmative defenses. Thus, while the Court strikes Defendants' Dishonest Conduct and Estoppel defenses, this Order should not be construed as prohibiting Defendants from arguing that Plaintiff's representation that he was not served with the Complaint in the state court action is false.

6
Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER

1  would provide them immunity in this action.  Accordingly, Defendants' Exemptions and

2  Immunities defense is insufficiently pled.

3  Defendants' new allegations regarding Defendants' fifth affirmative defense, "Mitigation of

4  Damages," also fail.  "The doctrine of mitigation of damages prevents an injured party from

5  recovering damages that the injured party could have avoided if it had taken reasonable efforts after

6  the wrong was committed."  *Smith v. Ardew Wood Products, Ltd.*, C07-5641 FDB, 2009 WL

7  36882, at *2 (W.D. Wash. Jan. 5, 2009).  Defendant alleges that Plaintiff "has failed to fulfill his

8  duty to mitigate any damages… <u>by failing to pay the underlying debt as alleged in the state court

9  action.</u>"  Amended Answer at 9 (underlined text reflects the addition to the previous version of the

10  defense).  However, Plaintiff fails to allege facts showing that there was a judgment against

11  Plaintiff in the state court action or that the amount of this judgment would have been reduced had

12  Plaintiff paid the underlying debt after Plaintiff learned that Plaintiff had not been properly served

13  with process.[5]

14  The remainder of Defendants' affirmative defenses suffer similar deficiencies to the

15  examples discussed above.  Thus, the Court concludes that all of Defendants' affirmative defenses

16  are insufficiently plead under the *Twombly*/*Iqbal* standards because Defendants' allegations fail to

17  provide the underlying factual bases for each defense.  *See, e.g.*, *Perez*, 2012 WL 1029425 at *10-

18  11 (striking affirmative defenses where defendants failed to set forth the factual bases for their

19  defenses); *Barnes*, 718 F. Supp. 2d at 1172 (same); *Qarbon.com*, 315 F. Supp. 2d at 1049-50

20  (same).  Accordingly, Plaintiff's motion to strike is GRANTED as to all twelve affirmative

21  defenses.[6]

22  **c. Leave to Amend**

---

[5] Moreover, to the extent Defendants are contending that Plaintiff could have mitigated Plaintiff's damages by paying the underlying debt before the state court action was filed, this argument fails. Defendants have failed to direct the Court's attention to any case finding a failure to mitigate in such circumstances. Moreover, the Court observes that Defendants had a duty to serve Plaintiff with notice of the state court action regardless of whether Plaintiff was entitled to prevail in that action.

[6] Plaintiff also argues that Defendants' tenth and sixteenth affirmative defenses should be stricken because they are immaterial and impertinent.  Mot. at 14.  However, in light of the Courts' ruling that all of Defendants' affirmative defenses are insufficiently pled, the Court declines to rule as to whether each affirmative defense is immaterial and impertinent.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and alterations omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.' " *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892–93 (9th Cir.2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)) (alterations in original). "[W]here the [party] has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.' " *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Read–Rite Corp.,* 335 F.3d 843, 845 (9th Cir.2003)). Indeed, repeated failure to cure deficiencies by previous amendment is reason enough to deny leave to amend. *Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir.2008) (citing *Foman,* 371 U.S. at 182; *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990)).

Here, Defendants have previously been granted leave to amend their affirmative defenses. Nevertheless, in Defendants' Amended Answer, several of the affirmative defenses that were previously stricken -- six (Allocation of Fault to Third Persons), nine (Failure of Performance of Conditions), or sixteen (Adequate Remedy at Law) -- were not amended at all. Moreover, Defendants alleged seven affirmative defenses in their Amended Answer for which Defendants do not even oppose Plaintiff's motion to strike. Furthermore, the amendments to the remaining defenses failed to cure the previously identified deficiencies. Accordingly, the Court denies leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike all twenty affirmative defenses is GRANTED without leave to amend.

8
Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER

Case 5:12-cv-01245-LHK   Document 59   Filed 02/22/13   Page 9 of 9

**IT IS SO ORDERED.**

Dated: February 22, 2013

_____
LUCY H. KOH
United States District Judge

9
Case No. 5:12-CV-01245-LHK
ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANTS' AMENDED ANSWER