1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLEN ANSARI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELECTRONIC DOCUMENT PROCESSING INC., a California Corporation; DUSTIN K. FERRO, individually and in his official capacity; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 5:12-CV-01245-LHK<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER AND REQUEST FOR RELIEF FROM PREVIOUS ORDER STRIKING AFFIRMATIVE DEFENSES; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff Allen Ansari  brings this action against Defendants Electronic Document

Processing, Inc. ("EDP") and Dustin K. Ferro for alleged violations of the federal Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; California's Rosenthal Fair Debt

Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq.*; and California's Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq. See* ECF No. 1.  Plaintiff

1

contends that Defendants violated these statutes by filing a false service of process in a state court action seeking recovery of a debt.

Before the Court are Defendants' Motion for Leave to File a Second Amended Answer or, in the Alternative, for Relief from Order of the Court Striking Defendants' Affirmative Defenses, Defendants' Motion for Summary Judgment, and Plaintiff's Motion for Summary Judgment. *See* ECF Nos. 63, 68, 71. For the reasons stated herein, the Court DENIES Defendants' Motion for Leave, DENIES Defendants' Motion for Summary Judgment in its entirety, and DENIES in part and GRANTS in part Plaintiff's Motion for Summary Judgment. The pre-trial conference and trial dates remain as set. The parties shall comply with all pre-trial deadlines as set forth in this Court's standing orders.

## I.   BACKGROUND

### A.   Factual Background

Plaintiff, who is in the property management business, lived in a house at 137 Del Monte Avenue, Los Altos, California ("the residence"), for thirty years. *See* ECF No. 68, Ex. A at 31. He moved out of the residence around September 2010 and now manages it as part of his business. *See id.* Defendant EDP is a company that provides service of process for parties involved in litigation. *See* ECF No. 1 ¶¶ 21, 24, 25. Defendant Ferro is a registered process server who performs services on EDP's behalf. *See id.* ¶¶ 11, 21.

Plaintiff alleges that on February 18, 2011, Patenaude & Felix, APC, a non-party to this case, initiated a lawsuit, captioned *Equable Ascent Financial, LLC v. Allen Ansari, et al.*, against Plaintiff in Santa Clara County Superior Court. *See id.* ¶ 46. That lawsuit related to a consumer debt owed by Plaintiff. *See id.* at ¶ 44. Patenaude & Felix engaged Defendants to serve legal process on Plaintiff. *See id.* ¶ 47. Plaintiff alleges that on or about June 6, 2011, Defendants filed a proof of service with the state court stating that Ferro had personally served Plaintiff with the summons and complaint on April 5, 2011, at 9:31 p.m., at the residence. *See id.* ¶ 48. Plaintiff

2

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    alleges that Defendants' statements in the proof of service were false because Plaintiff was not, and

2    has not been, served—personally or otherwise.  *See id.*  ¶ 49.  Plaintiff alleges that he did not

3    become aware of the state court action until on or about April 13, 2011, when he received a letter

4    informing him of the lawsuit.  *See id.*  ¶ 54.

5        Plaintiff contends that he was not at the residence on April 5, 2011, at 9:31 p.m.  *See* ECF

6    No. 67 at 14.  Specifically, in Plaintiff's deposition, he denied that he received service, denied that

7    he ever met Defendant Ferro, and stated that he rarely visits the residence.  *See* ECF No. 67, Ex. A

8    at 22, 29, 40.  Plaintiff's tenant, Eske Rygaard-Hjalsted said at his deposition that he lives at the

9    residence and that Plaintiff "very rarely" visits.  *See* ECF No. 67, Ex. F at 12–13, 23.  Rygaard-

10   Hjalsted also denied that Defendant Ferro was present at the residence at the alleged time of service

11   to the best of his knowledge.  *Id.*  at 25.  Rygaard-Hjalsted further stated that he likely would have

12   been at the residence at the time that Defendants claim Ferro served process.  *Id.*  at 21, 30.

13       Defendants dispute Plaintiff's allegation that Plaintiff was never personally served.

14   Defendants cite the depositions of Plaintiff and his tenant, Rygaard-Hjalsted, to establish that

15   Plaintiff lived at the residence for about thirty years and has moved out three times with the third

16   move occurring six months before Defendants allegedly served Plaintiff at the residence.  *See* ECF

17   No. 71 at 5.  Defendants note that Plaintiff still "periodically" picks up his mail at the residence

18   even though he has given a forwarding address to the post office.  *Id.*

19       Defendants further contend that the statements of Plaintiff's tenant with regard to receipt of

20   service were unreliable.  Defendants point to Rygaard-Hjalsted's deposition, in which he stated that

21   he did not remember his whereabouts on the day Defendants allegedly served process. ECF No. 69

22   at 14.  Defendants further contend that Rygaard-Hjalsted admitted that though he did not receive

23   service on Plaintiff's behalf, his wife may have answered the door.  *Id.* (stating that Plaintiff's

24   tenant said in his deposition that "[i]t's possible that this would be the day when this person rang

25   the bell and talked to my wife.  It was almost two years ago.  Again I have no specific recollection

3

of April 5th."). Defendants also claim that "[t]here were at least three occasions where people came to the house looking for Mr. Ansari, but Mr. Rygaard-Hjalsted could not remember when each incident occurred. *Id.* They contend that "[i]t appears based on Mr. Rygaard-Hjalsted's testimony that there were people trying to find Mr. Ansari and deliver papers, he just does not know what papers were being delivered." *Id.* (footnote omitted).

Importantly, none of the three individuals who might have been at the residence at the time of service -- Plaintiff, his tenant Rygaard-Hjalsted, and Defendant Ferro -- affirmatively remembers his respective whereabouts on April 5, 2011, at 9:31 p.m. In his deposition, Plaintiff stated that he did not recall his location during the alleged time of service. *See* ECF No. 68, Ex. A at 22–23. Rygaard-Hjalsted also stated that he did not recall his whereabouts during the alleged time of service, but that he is usually home around 9:30 p.m. *See* ECF No. 67, Ex. F at 21, 30 ("I don't think we went anywhere [in April 2011]"). Finally, Defendant Ferro was asked whether he "remember[s] going to 137 Del Monte Avenue at all," he responded "[n]o." *See* ECF No. 68, Ex. B at 77.

### B.     Procedural Background

On March 13, 2012, Plaintiff filed a complaint against Defendants for alleged violations of the FDCPA, RFDCPA, and UCL. *See* ECF No. 1 ¶ 2. Defendants filed an Answer, which stated twenty-four affirmative defenses. *See* ECF No. 18 ("Answer"). On June 6, 2012, Plaintiff filed a motion to strike all twenty-four of the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). *See* ECF No. 20. On September 10, 2012, after full briefing, the Court granted Plaintiff's motion to strike all twenty-four affirmative defenses. *See* ECF No. 33. The Court granted leave to amend twenty of the twenty-four dismissed defenses. *Id.* Defendants filed an Amended Answer re-alleging those twenty affirmative defenses. *See* ECF No. 36.

Plaintiff filed a motion to strike all twenty affirmative defenses in the Amended Answer pursuant to Federal Rule of Civil Procedure 12(f). *See* ECF No. 37. On February 22, 2013, after

4

United States District Court
For the Northern District of California

1    full briefing, the Court granted the motion to strike all twenty affirmative defenses in the Amended

2    Answer.  *See* ECF No. 59.  This time, however, the Court refused to grant leave to amend.  *Id.*

3            Between Defendants' filing their Amended Answer and the Court's Second Motion to

4    Strike Order, the parties conducted a series of depositions in January and February of 2013.  *See*

5    ECF No. 75 at 4–5.  During these depositions, Defendants learned that Plaintiff moved out of the

6    residence six months prior to the alleged service attempt after living at the residence with some

7    interruptions for about 30 years.  *See* ECF No. 71 at 5.  Defendant further learned that Plaintiff

8    occasionally visited the residence to pick up mail and to perform repairs.  *See id.* at 5, 7.

9    Defendants inferred from these facts that Plaintiff "may actually have moved from the subject

10   property intending to throw creditors of [sic] his trail and make himself judgment proof."  *Id.* at 7.[1]

11   Defendants also ascertained from the deposition of their own employees that EDP has procedures

12   in place to prevent errors in service.  *See id.* at 5.  These procedures include providing training to

13   employees with respect to the California Rules of Civil Procedure as well as "checking service

14   logs, checking service routes to make sure service was possible at the time stated, and requiring

15   servers to take photographs of the service location."  *Id*. at 7–8.

16           After discovery closed, Defendants filed their motion for summary judgment on April 2,

17   2013.  *See* ECF No. 63.  Three weeks later, Plaintiff also filed a motion for summary judgment.

18   *See* ECF No. 68.  A week later, on May 1, 2013, Defendants filed a motion for leave to amend their

19   answer to add an additional affirmative defense based on the information they gleaned from the

20   depositions of Plaintiff, Rygaard-Hjalsted, and their own employees.  *See* ECF No. 71.

---

[1] Plaintiff challenges Defendants' inference, contending that he moved not to avoid service, but due to health reasons. *See* ECF No. 67 at 14–15.

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

## II.    LEGAL STANDARDS

### A.    Leave to Amend Standard

"[W]hen a district court has already granted . . . leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999)). Under Rule 15 of the Federal Rules of Civil Procedure, the Court considers four factors in deciding whether to grant leave to amend: "(1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opponent."[2] *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

### B.    Rule 60(b) Standard

A court may relieve a party of a final judgment or order under Rule 60(b) if that party demonstrates that there was a "mistake, inadvertence, surprise, or excusable neglect" or that there was "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b).

### C.    Summary Judgment Standard

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.

---

[2] Plaintiff notes in his opposition to the Motion to Strike that Rule 16 normally sets the standard for granting leave to amend after a scheduling order is in effect. *See* ECF No. 73. Under Rule 16, a party seeking to amend must demonstrate that there is "good cause" if the deadline for amendment has elapsed. Fed. R. Civ. P. 16(b)(4). However, the Court here did not specify a deadline to amend in its September 10, 2012, Scheduling Order, *see* ECF No. 34, and accordingly Rule 16 does not apply.

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative," the court may grant summary judgment. *Id*. at 249–50 (citation omitted). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted). Once the moving party has satisfied its initial burden of production, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id*. at 1103.

## III.    STATUTORY BACKGROUND

### A.    Fair Debt Collection Practices Act

"Congress enacted the FDCPA to protect consumers from 'improper conduct' and illegitimate collection practices 'without imposing unnecessary restrictions on ethical debt collectors.'" *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169–70 (9th Cir. 2006). "FDCPA [is] a strict liability statute" that is "remedial [in] nature" and interpreted "liberally." *Id*. at 1175–76. To establish a FDCPA claim, a plaintiff must show: "(1) that he is a consumer under 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector under 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o." *Gutierrez v. Wells Fargo Bank*, 08-CV-5586-SI, 2009 WL 322915 at *2 (N.D. Cal. Feb. 9, 2009).

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Two exemptions to the FDCPA are relevant in this case.  First, the FDCPA exempts from

2  the definition of "debt collector" process servers who are "serving or attempting to serve legal

3  process on any other person in connection with the judicial enforcement of any debt."  15 U.S.C. §

4  1692a(6)(D).  Second, the bona fide error defense protects some debt collectors who

5  unintentionally violate a liability provision in the FDCPA. 15 U.S.C. § 1692(k)(c).  "[T]o qualify

6  for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA

7  unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures

8  reasonably adapted to avoid the violation."  *McCollough v. Johnson, Rodenburg & Lauinger, LLC*,

9  637 F.3d 939, 948 (9th Cir. 2011); *see* 15 U.S.C. § 1692(k)(c).  The "broad statutory requirement

10  of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant

11  procedures are ones that help to avoid errors like clerical or factual mistakes."  *Jerman v. Carlisle,*

12  *McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1614 (2010).

13    **B.    California State Law**

14        **1.    Rosenthal Fair Debt Collection Practices Act**

15    The Rosenthal Fair Debt Collection Practices Act is California's counterpart to the FDCPA.

16  The RFDCPA incorporates sections of the FDCPA.  Cal. Civ. Code § 1788.17.  As under the

17  FDCPA, the plaintiff must establish that (1) he is a "debtor" under section 1788.2(h), (2) the debt at

18  issue is a "consumer debt" under section 1788.2(f), (3) the defendant is a "debt collector" under

19  section 1788.2(c), and (4) that the defendant violated one of the liability provisions of the

20  RFDCPA.

21        **2.    Unfair Competition Law**

22    California's UCL prohibits business practices that are: (1) unlawful, (2) unfair, or (3)

23  fraudulent.  Cal. Bus. & Prof. Code § 17200.  "Each prong of Section 17200 provides a separate

24  and distinct theory of liability."  *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th

25  Cir. 2007).  In general, a claim brought under the "unlawful" prong of the UCL must be based on

8

26  Case No.:  12-CV-01245-LHK

27  ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
    DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
28  PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

some underlying predicate act involving independent wrongdoing.  *See Cel–Tech Commc'ns. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999); *see also Herskowitz v. Apple Inc.*, — F. Supp. 2d —, 2013 WL 1615867 at *11 (N.D. Cal. Apr. 15, 2013) (dismissing a UCL claim because "no violation of law serve[d] as the basis for the unlawful prong of [plaintiff's] UCL claim.").  Usually, this involves the violation of some other statute or legal obligation.

### 3.    Litigation Privilege

California Civil Code § 47 provides that a "publication . . . made . . . in the proper discharge of an official duty . . .  in any . . . judicial proceeding" is "privileged."  Cal. Civ. Code § 47.  The California Supreme Court has held that the litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006).  "The purposes of section 47, subdivision (b), are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation."  *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 336 (2009) (quoting *Rusheen*, 37 Cal. 4th at 1063) (internal quotation marks omitted).  "To effectuate these purposes, the litigation privilege is absolute and applies regardless of malice."  *Id*.

## IV.    DISCUSSION

For the reasons set forth below, the Court issues the following rulings.  The Court DENIES leave to amend because it already denied such leave in its previous order and because the proposed amendment is futile.  The Court further DENIES Defendants' motion for relief under Rule 60(b) from its second Motion to Strike Order because that order was not a final order within the meaning

9

of the rule.  The Court DENIES Defendants' motion for summary judgment in its entirety and

DENIES in part and GRANTS in part Plaintiff's motion for summary judgment.

### A.     Motion for Leave to Amend

Defendants move for leave to amend their Answer to include a bona fide error affirmative

defense to FDCPA liability.  This is not the first time Defendants have sought to add affirmative

defenses to their Answer.  Defendants initially filed their Answer with twenty-four affirmative

defenses, and this Court granted Plaintiff's motion to strike as to all the affirmative defenses on

September 10, 2012.  *See* ECF No. 33.  At that time, the Court granted Defendants leave to amend

with respect to twenty of the twenty-four dismissed defenses.  *Id.*  Defendants filed an Amended

Answer re-alleging those twenty affirmative defenses.  *See* ECF No. 36.  On February 22, 2013,

the Court again granted Plaintiff's motion to strike these twenty affirmative defenses.  *See* ECF No.

59.  At that time, however, the Court explicitly denied further leave to amend because Defendants'

Amended Answer did not cure the deficiencies identified in the initial order striking the defenses.

*Id.*  Two and a half months later, Defendants filed this motion for leave to file a second amended

answer.  *See* ECF No. 71.  Defendants have already had two bites at the apple to plead affirmative

defenses.  Defendants have failed to do so and now seek a third bite.  The Court declines to give

Defendants yet another opportunity to amend.

Further, leave to amend would be futile.  Defendants seek leave to amend to add a bona fide

error affirmative defense to Plaintiff's FDCPA cause of action.  For the reasons set forth below, an

amendment to add such a defense would be futile.  "A motion for leave to amend may be denied if

it appears to be futile or legally insufficient."  *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th

Cir. 1988).  A proposed amendment is futile "if no set of facts can be proved under the amendment

to the pleadings that would constitute a valid and sufficient claim or defense."  *Id.*

The bona fide error defense to FDCPA liability requires Defendants to demonstrate that (1)

they committed a "violation," (2) the error "was not intentional," (3) Defendants maintained

10

**United States District Court**
For the Northern District of California

"procedures reasonably adapted to avoid any such error," and (4) the error occurred "notwithstanding the maintenance of such procedures."  15 U.S.C. 1692(k)(c).  The defense applies to "procedures reasonably designed . . . to avoid errors like clerical or factual mistakes."  *Jerman*, 130 S. Ct. at 1614.

Granting leave to amend to add the bona fide error defense would be futile because there are no set of facts that show that can satisfy the third element of the bona fide error defense — that Defendants maintained procedures to avoid the type of error at issue in this case.  Defendants point to the depositions of their own employees to suggest that they had a number of procedures, such as an open book test on California Civil Procedure and a requirement that process servers photograph properties where they serve process, that would prevent errors.  *See* ECF No. 68, Ex. E at 26, 40.  While these processes go to the general training that EDP provided its process servers, they are not procedures "reasonably adapted" to avoid the specific error alleged by Plaintiff — the intentional falsification of proof of service.

While EDP employs mapping software to ensure that its employees' routes are physically possible, *see* ECF 68, Ex. E at 40, EDP has not shown that its software verifies the real time GPS coordinates of the process server.  The program instead ensures that the routes reported by process servers are reasonable.  Moreover, no EDP official manually looks for inconsistencies in process servers' reports of their routes and service.  *Id.* at 41.  There is therefore no human check on an unscrupulous process server's entry of reasonable, but false, delivery times and places.  Thus, the mapping software does not demonstrate that EDP has or maintains procedures reasonably adapted to the type of violation alleged by the Plaintiff.

Further, there are no set of facts that demonstrate that Defendants actually maintained these procedures.  Ferro, for example, failed to take the appropriate number of photographs on his route at the time of this incident, but he was not terminated.  *See* ECF No. 63-1 ¶ 12 ("Dustin Ferro, the process server in this case, was not terminated for falsifying proofs of service.").  EDP contends

11

United States District Court
For the Northern District of California

that it disciplined Ferro, but it does not state what remedial measures it took in connection with Ferro's violation of the company's procedures.  *See id.*

Accordingly, Defendants have presented no set of facts that the procedures in place at EDP were adapted to avoid an error like the intentional falsification of service.  They also have not presented any facts that suggest the procedures to avoid falsification of proofs were sufficiently maintained.  In light of Defendant's failure to present any facts that would establish the third element of the bona fide error defense, leave to amend would be futile.  The Court thus DENIES Defendants' motion.

**B.      Motion for Relief under Rule 60(b)**

Defendants further move under Rule 60(b) for relief from this Court's second order striking their affirmative defenses.  Rule 60(b) allows a court to grant relief from a "final" judgment or order if the Defendants demonstrate the presence of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b).  The second order striking affirmative defenses was not a final order, nor did it result in a final judgment.  Accordingly, Rule 60(b) does not apply.

The proper mechanism for challenging the non-final, interlocutory order is a motion for leave to file a motion for reconsideration under Civil Local Rule 7-9.  The Court construes Defendants' motion for relief under Rule 60(b) as a motion for leave to file a motion for reconsideration and DENIES it.  The Defendants cannot show any new facts that are "material."  As discussed above, the purportedly newly discovered facts do not aid the Defendants in their attempt to plead a bona fide error affirmative defense.

**C.      Summary Judgment Motions**

**1.      Defendants' Motion for Summary Judgment**

12

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Defendants move for summary judgment on the following bases: (1) they are not debt collectors under FDCPA and they did not engage in any abusive or harassing practices because they fall into the process server exemption, (2) there is a presumption of valid service that Plaintiff cannot rebut, (3) California's litigation privilege bars Plaintiff's state law claims, (4) the bona fide error defense to the FDCPA applies, and (5) Plaintiff's UCL claim is barred.

### a.   FDCPA's Process Server Exemption and Requirement of Abusive or Harassing Practices

Defendants move for summary judgment on the basis that the FDCPA does not cover process servers.  Specifically, Defendants contend that Plaintiff's claim fails as a matter of law because Defendants are not "debt collectors" and because they did not engage in any abusive practices in violation of the FDCPA.  Defendants' arguments with regard to both of these elements rely on their central contention that they were process servers, not unscrupulous debt collectors.

To prove liability under the FDCPA, Plaintiff must demonstrate that Defendants were "debt collectors" under the statute.  The statute defines "debt collector" as any person whose principal purpose of business is to collect debts or any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.  15 U.S.C. § 1692a(6).  The statute excludes from its definition of "debt collector" process servers who are "serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt."  15 U.S.C. § 1692a(6)(D).

Plaintiff must also show that Defendants violated one of the provisions of the FDCPA by engaging in a harassing or abusive practice.  *See* 15 U.S.C. § 1692d.  The statute contains a list of six practices that are abusive or harassing, such as repeated phone calls or use of profanity.  *Id.* Importantly, however, the list of prohibited debt collection practices in Section 1692d is non-exclusive.  *See id.* (noting that the enumerated list is not designed to "limit[] the general application" of the statute).

13

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

Defendants contend that they were serving process and that therefore, they fall within the process server exemption to the definition of "debt collector" and that they were not engaged in any harassing or abusive practice as a matter of law.  The Court finds that Defendants' legal contentions lack merit.  Courts have held that the process server exception does not apply in cases where the plaintiffs can show that the defendants were not bona fide process servers.  *See Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1073 (N.D. Cal. 2011); *Flamm v. Sarner & Associates, P.C.*, No. 02–4302, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002); *Holmes v. Electronic Document Processing,* No. 12-CV-06193-LHK, at *5–6 (N.D. Cal. Aug. 15, 2013). Specifically, when a process server files a false service of process, then their actions "take[]them beyond their role as process servers and render[] them ineligible for the [process server] exception." *Spiegel v. Judicial Atty. Servs.*, No. 09-7163, 2011 WL 382809, at *1 (N.D. Ill. Feb. 1, 2011).

In so holding, the courts have found a link between the process server exception and the requirement that plaintiffs show an abusive or harassing practice.  The false service of process results in a deception on the court and the potential entry of default judgment against the debtor, which courts have considered an abusive practice under the FDCPA.  *See Sykes v. Mel Harris and Associates,* 757 F. Supp. 2d 413, 424 (S.D.N.Y. 2010); *see also Freeman*, 827 F. Supp. 2d at 1075–76 (collecting authorities holding that a false service of process in a debt collection case is abusive under the FDCPA).  As such, the same conduct that removes a defendant from the process server exception and renders him a debt collector -- the falsification of service of process -- also constitutes the abusive or harassing practice under the fourth element of the statute.  *See Freeman,* 827 F. Supp. 2d at 1075 (noting that the same factual allegations that defeat defendants' deployment of the process server exemption also form the basis for alleging an FDCPA violation).[3]

---

[3] While there is analytical overlap between the process server exception and the abusive practices element in some process server FDCPA cases, the elements remain distinct.  The purpose of the

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1     Defendants' contention in this case is that Plaintiff's FDCPA claims fail as a matter of law

2  because Ferro actually served process on Plaintiff.  Therefore, Defendants argue that there was no

3  false service of process, and thus that they are entitled to the protections of the process server

4  exemption and a finding as a matter of law that they did not engage in any abusive or harassing

5  practice.  *See* ECF No. 63 at 9, 13.

6     The Court finds, however, that there are genuine issues of material fact with regard to

7  whether Ferro actually served Plaintiff.  At this stage, there is a conflict between Plaintiff's

8  statements with regard to the lack of service and inferences that flow from Defendants' history of

9  appropriate service of process.  Furthermore, there are gaps in the memories of all the potential

10  witnesses to the service of process.  Plaintiff has presented his own statement that he was not

11  personally served or present at the residence at the time of service.  *See* ECF No. 67 at 14.  He has

12  further presented the statement from his tenant that the Plaintiff was not at the residence at the time

13  of service and that the tenant received no service of process on behalf of the Plaintiff.  *See* ECF No.

14  68, Ex F. at 23, 25.

15     In contrast, Defendants have presented the proof of service and contend that they have a

16  good record of proper service.  *See* ECF No. 63 at 13.  They have further pointed to the fact that

17  Plaintiff's tenant does not remember the details of the night in question.  This creates a genuine

18  issue of material fact as to whether Defendants actually served process on Plaintiff.  Resolution of

19  this factual question — whether Defendants actually served Plaintiff or whether Defendants filed a

20

21

22  process server exception is to allow bona fide process servers to engage in some actions that could
be considered harassing or abusive under the FDCPA.  *See Worch v. Wolpoff & Abramson*, L.L.P.,

23  477 F. Supp. 2d 1015, 1019 (E.D. Mo. 2007).  The critical question for the process server
exception is whether the defendant's actions were in pursuit of a bona fide service of process.  *See*

24  *id.*  However, as the Court has noted, a showing that defendants filed a false service of process,
also called "sewer service," would demonstrate that defendants' actions were not in pursuit of a

25  service of process and that such conduct would also be abusive under the FDCPA.

26  Case No.: 12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;

27  DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

28

United States District Court
For the Northern District of California

1  false service of process — is critical to the questions of whether the process server exemption

2  applies and whether Defendants engaged in any harassing or abusive practices.

3           Defendants contend that even if Ferro had failed to serve Plaintiff, but told the state court

4  that he had, that would still be insufficient to establish FDCPA liability. *See id.* at 14–15.

5  Defendants' contention is that a single alleged false service of process cannot remove Defendants

6  from the process server exemption, but rather that a pattern of false service of process is required.

7  *See* ECF No. 63 at 13.  Defendants do not cite to any authority for the proposition.  To the contrary,

8  courts have held that "the execution of one false proof of service would be enough to forfeit the

9  process server exemption."  *See Freeman*, 827 F. Supp. 2d at 1074.[4]

10          There is a genuine issue of material fact with regard to whether Defendants actually served

11  process on Plaintiff.  Two critical issues in this case — whether Defendants are debt collectors and

12  whether Defendants engaged in abusive or harassing practices — turn on this question of fact.

13  Accordingly, the Court DENIES Defendants' motion for summary judgment as it relates to these

14  issues.

15                    **b.       Presumption of Valid Service**

16          On a related note, Defendants contend that they are entitled to summary judgment on all of

17  Plaintiff's claims on the basis that Plaintiff has not rebutted the presumption that Plaintiff was

18  properly served.  *See* ECF No. 63 at 17.  Defendants rely on the presumption of valid service, the

19  idea that "[a] signed return of service constitutes prima facie evidence of valid service 'which can

20  be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Solutions for Bus. Inc.*,

21  509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d

22  1394, 1398 (7th Cir. 1993)).  Defendants contend that the proof of service they filed raises a

23  presumption that they timely served Plaintiff and that because all of Plaintiff's claims rely on the

24  ───────────────
[4] One false service of process can also be sufficient to satisfy the liability element of the FDCPA.
25  *See Hartman v. Meridian Financial Servs., Inc.,* 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

                                          16
26  Case No.:  12-CV-01245-LHK
27  ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
    DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
28  PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

premise that Defendants did not actually serve Plaintiff, summary judgment in Defendants' favor is appropriate.

The Court finds that there are genuine issues of material fact with regard to whether Plaintiff has rebutted the presumption of the proof of valid service.  As Defendants correctly note, a self-serving declaration is insufficient to defeat a signed return of service.  *Freeman*, 827 F. Supp. 2d at 1075.  Plaintiff here, however, has presented more evidence beyond Plaintiff's own statements.  Plaintiff's tenant stated that Plaintiff was not at the residence at the alleged time of the service, that the tenant was probably at the residence at that time, and that the tenant did not receive any service.  *See* ECF No. 63, Ex. F. at 23, 25.  Further, the tenant stated that Plaintiff could not have been at the property to receive service without the tenant's knowledge because the tenant did not think that Plaintiffs had a key key to the property.  *Id.* at 20.  While this is not conclusive evidence rebutting the presumption, it is sufficient to establish a genuine issue of material fact as to whether Plaintiff has met his burden to rebut the presumption of valid service with "strong and convincing evidence."  The finder of fact could conclude, based on the information in the depositions of both Plaintiff and his tenant that notwithstanding the presumption, Plaintiff was not served with process at the date and time contained on the proof of service.

Accordingly, the Court DENIES Defendants' motion for summary judgment as to the validity of service of process.

### c.   Litigation Privilege

Defendants contend that California's litigation privilege bars Plaintiff's state law claims under the RFDCPA and UCL.  *See* ECF No. 63 at 15.  Under California law, publications made in the discharge of an official judicial duty are privileged and cannot be the basis for the imposition of legal liability.  Cal. Civ. Code § 47(b).  Defendants argue that the alleged filing of a false proof of service is privileged and therefore that Plaintiff may not use that filing against Defendants.

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The California Supreme Court has held that the litigation privilege applies to communications made in judicial or quasi-judicial proceedings by litigants or other participants to achieve the objects of the litigation that have some connection to the action. *Rusheen*, 37 Cal. 4th at 1057. Applying the privilege, the California Supreme Court in *Rusheen* struck an abuse of process claim and held that, "where the gravamen of the complaint is a privileged communication (i.e., allegedly perjured declarations of service) the privilege extends to necessarily related acts (i.e., act of levying)." *Rusheen*, 37 Cal. 4th at 1062.

### i.     RFDCPA

Defendants here argue that Plaintiff cannot challenge the falsified service of process under the RFDCPA because such service was a legal process in state judicial proceedings that is protected by the litigation privilege. However, the California Court of Appeals has recognized that "the [litigation] privilege cannot be used to shield violations of the [RFDCPA]." *Komarova*, 175 Cal. App. 4th at 337. The Court of Appeals in *Komarova*, the only post-*Rusheen* California case to address the interaction between the litigation privilege and the RFDCPA, recognized that there is a split of authority among federal district courts with respect to whether the litigation privilege bars RFDCPA claims. *See id.* at 337. The Court of Appeals in *Komarova* adopted the majority view among the federal district courts that if the litigation privilege and RFDCPA conflict, then the RFDCPA must prevail. *Id.* at 337–38; *see also Cabral v. Martins*, 177 Cal. App. 4th 471, 488 (2009) (approving of the "methodology" in *Komarova* and extending the reasoning to analyze whether a different California statute prevails over the litigation privilege). The Court of Appeals reasoned that applying the litigation privilege in favor of the RFDCPA "would effectively vitiate the Rosenthal Act and render the protections it affords meaningless." *Id.* at 338. As a result, the Court of Appeals "applie[d] the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one" and exempted the

18

**United States District Court**
For the Northern District of California

1  RFDCPA from protections of the litigation privilege.  *Id.*  (quoting *Oie v. N. Star Capital*

2  *Acquisitions, L.L.C.*, 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006)).

3       In contrast to *Komarova*, the authorities Defendants cite do not address the interaction

4  between the RFDCPA and the litigation privilege.  Defendants analogize to the California Supreme

5  Court's decision in *Rusheen*, but that case concerned a common law abuse of process claim.

6  *Rusheen,* 37 Cal. 4th at 1052.  Unlike that case, where the Court found the litigation privilege

7  statute to trump the common law claim, this case presents a conflict between two state statutes.

8  Defendants further rely on *Smith v. Fireside Thrift Co.*, 07-CV-03883-WHA, 2007 WL 2729329 at

9  *6 (N.D. Cal. Sept. 18, 2007).  In *Smith*, a federal district court granted a motion to strike an abuse

10  of process claim and an unfair business practices claim related to the collection of a debt under the

11  litigation privilege.  While the plaintiff in *Smith* did allege a violation of the RFDCPA, the

12  defendant there did not move to strike the RFDCPA claim.  *Id.* at *1–2.  The court therefore had no

13  opportunity to discuss the interaction between the litigation privilege and the RFDCPA.  Unlike

14  *Komarova*, *Rusheen* and *Smith* do not discuss the RFDCPA, and accordingly, the Court does not

15  find them persuasive.

16       In the absence of further authority from California courts resolving the application of the

17  litigation privilege in RFDCPA cases, this Court finds that *Komarova* controls.  In so holding, this

18  Court joins the unanimously held view of the federal district courts.  *Huy Thanh Vo v. Nelson &*

19  *Kennard*, — F. Supp. 2d —, 2013 WL 1091207, at *14 (E.D. Cal. Mar. 15, 2013) ("What is

20  notable is that since the issuance of *Komarova*—i.e., the sole published decision by a California

21  appellate court to address this issue—not a single federal court has found Rosenthal Act claims to

22  be barred by the litigation privilege.").  In light of the broad remedial purpose of the RFDCPA, this

23  Court joins other courts in concluding that the holding in *Komarova* that the "California litigation

24  privilege . . . does not apply to RFDCPA violations" controls.  *See Santos v. LVNV Funding, LLC*,

25

26                                              19

27

28

1    11-CV-2683-EJD, 2012 WL 216398, at *3 (N.D. Cal. Jan. 24, 2012); *Blackburn v. ABC Legal*

2    *Servs., Inc.*, 11-CV-01298-JSW, 2011 WL 8609453, at *2 (N.D. Cal. June 16, 2011).

3                               *ii.*    UCL

4            Defendants further contend that the litigation privilege forecloses Plaintiff's UCL claim.

5    The UCL claim in this case is under the statute's "unlawful" prong.  Claims under this prong

6    require an underlying predicate act involving independent wrongdoing.  *See Cel–Tech Commc'ns.,*

7    20 Cal. 4th at 180.   California courts have found that where the underlying alleged unlawful act

8    cannot be challenged due to the litigation privilege, the UCL claim also fails.  *See People ex rel.*

9    *Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 960 (2008).  In contrast, however, here the

10   underlying alleged unlawful act, a violation of the RFDCPA, is not protected by the litigation

11   privilege.  Since Plaintiff's UCL claim rises and falls with the viability of the UCL claim's

12   predicate acts, and Plaintiff's FDCPA and RFDCPA claims do not fall under the litigation privilege

13   at this stage, Plaintiff's UCL claim also does not fall under the litigation privilege. *Blackburn*, 2011

14   WL 8609453 at *3 ("[B]ecause Plaintiff's Section 17200 claim is premised on violations of the

15   Rosenthal Act, which this Court has determined is not barred by the litigation privilege, and on

16   violations of the FDCPA, a federal claim to which California's litigation privilege is inapplicable,

17   Plaintiff's Section 17200 claim is not barred by the litigation privilege either.").

18           Accordingly, the Court DENIES Defendants' motion for summary judgment on Plaintiff's

19   state law claims because the litigation privilege does not cover these alleged violations of state law.

20                        **d.    Bona Fide Error Defense**

21           As discussed above, the FDCPA provides for a "bona fide error" defense when a debt

22   collector unintentionally violates the FDCPA but has "procedures reasonably adapted to avoid any

23   such error."  15 U.S.C. § 1692k(c).  Defendants contend that the bona fide error defense applies

24   and that they are therefore entitled to summary judgment on Plaintiff's FDCPA claim.  For the

25   reasons discussed above, Defendants have not established that they maintained procedures adapted

                                          20

26   Case No.:  12-CV-01245-LHK

27   ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
     DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
28   PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**United States District Court**
For the Northern District of California

1    to avoid the types of error that Plaintiff alleges here.  Accordingly, the Court DENIES Defendants'

2    motion for summary judgment as to the bona fide error defense.

3                                    **e.       UCL Claim**

4             Defendants contend that Plaintiff's UCL claim is barred.  The UCL's "unlawful" prong,

5    however, borrows from other statutes.  Violations of other statutes are independently actionable

6    under the UCL.  *Herskowitz*, 2013 WL 1615867 at *11.  The Court has denied Defendants' motion

7    for summary judgment with regard to Plaintiff's FDCPA and RFDCPA claims because Plaintiff

8    has demonstrated that genuine issues of material fact remain with regard to whether Defendants

9    violated those statutes.  It therefore follows that issues of fact remain with regard to Plaintiff's

10   UCL claim, and Defendants have not raised a basis on which to grant summary judgment with

11   regard to the UCL claim that does not depend on the disposition of the other claims.  Accordingly,

12   the Court DENIES Defendants' motion for summary judgment on Plaintiff's UCL claim.

13              **2.       Plaintiff's Motion for Summary Judgment**

14            Plaintiff moves for summary judgment on all three of his statutory claims.  He asks the

15   Court to grant summary judgment on his claims that the Defendants have violated the FDCPA, the

16   RFDCPA, and the UCL.  He therefore asks the Court to award him damages.

17                                    **a.       FDCPA**

18            Plaintiff contends that he has satisfied all four elements of the FDCPA.  For the reasons set

19   forth below, the Court finds that Plaintiff can only prove two of the elements — that he was a

20   "consumer" and that he owed a "consumer debt" — as a matter of law.  On the other two elements

21   — whether Defendants were debt collectors and whether Defendants violated a liability provision

22   of the FDCPA — there are genuine issues of material fact for reasons already discussed.

23   Accordingly, the Court GRANTS summary judgment in part and DENIES it in part.

24            The Court grants summary judgment on the first two elements of FDCPA.  With regard to

25   the first element, Plaintiff must show that he is a "consumer" under 15 U.S.C. § 1692a(3).  Under

21

United States District Court
For the Northern District of California

26

27

28

United States District Court
For the Northern District of California

1   the FDCPA, consumer "means any natural person obligated or allegedly obligated to pay any

2   debt." 15 U.S.C. § 1692a(3).  To prove the second element, Plaintiff must show that the debt at

3   issue was a consumer debt, that is that the debt arose out of a transaction that was "primarily for

4   personal, family, or household purposes."  15 U.S.C. § 1692a(5).  Plaintiff states in a declaration

5   that he owed a debt that resulted in the underlying state court action.  *See* ECF No. 68-8.  He

6   further states that the debt was consumer credit card obligations that he accrued for personal,

7   family or household purposes.  *Id.*  Defendants have not challenged either of these statements in

8   their opposition to Plaintiff's motion for summary judgment.  Accordingly, the Court finds no

9   genuine issue of material fact with regard to these elements and GRANTS in part Plaintiff's

10  motion.

11          With regard to the third and fourth elements, however, there are genuine issues of material

12  fact that preclude a grant of summary judgment.  Specifically, as discussed above, there is a

13  question of fact as to whether Defendants in fact served Plaintiff, which affects whether

14  Defendants are debt collectors and whether Defendants violated a liability provision of the

15  FDCPA.   For the reasons already discussed, the fact finder must resolve these factual disputes.

16  The Court accordingly DENIES in part Plaintiff's motion for summary judgment on his FDCPA

17  claim.

18                           **b.     RFDCPA**

19          Like the FDCPA, the RFDCPA requires the Plaintiff to prove four elements: (1) that

20  Plaintiff is a "debtor," (2) that the debt at issue is a "consumer debt," (3) that Defendant is a "debt

21  collector," and (4) that the defendant violated one of the liability provisions of the RFDCPA.

22  Plaintiff can demonstrate the first three elements as a matter of law, but issues of fact remain as to

23  the fourth element.  Accordingly, the Court DENIES in part and GRANTS in part Plaintiff's

24  motion for summary judgment on Plaintiff's RFDCPA claim.

25

26                                                    22

1      With regard to the first two elements, a "debtor" under the RFDCPA is "a natural person

2  from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to

3  be due and owing from such person." Cal. Civ. Code § 1788.2(h).  As discussed above, Plaintiff is

4  a natural person from whom the Defendants' client sought to collect a debt, and that debt is

5  consumer debt.  *See* ECF No. 68-8.  Defendants do not challenge this in their opposition.

6  Accordingly, there is no issue of fact as to the first two elements, and the Court GRANTS

7  summary judgment to the Plaintiff on these two elements.

8      With regard to the third element, the RFDCPA defines a "debt collector" as "any person

9  who, in the ordinary course of business, regularly, on behalf of . . . others, engages in debt

10 collection." Cal. Civ. Code § 1788.2(c).  "'Debt collection' means any act or practice in

11 connection with the collection of consumer debts." Cal. Civ. Code § 1788.2(b).  Notably, the

12 definition of "debt collector" is not the same under the RFDCPA as it is under the FDCPA.  While

13 the RFDCPA does incorporate some provisions from the FDCPA, it does not incorporate the

14 definition of "debt collector" under Section 1692a(6).  *See* Cal. Civ. Code § 1788.17 (incorporating

15 "Sections 1692b to 1692j"); *see also Gaudin v. Saxon Mortg. Servs., Inc.*, — F.R.D. —, 2013 WL

16 4029043, at *10 (noting the definition of "debt collector" is broader in the RFDCPA than the

17 FDCPA).

18     The Court must therefore ascertain the meaning of "debt collector" under the RFDCPA.

19 Basic canons of statutory interpretation require "look[ing] to the statute's words [to] give them

20 their usual and ordinary meaning." *Huy Thanh Vo*, 2013 WL 1091207 at *10.  Here, the phrase

21 "any act or practice in connection with the collection of consumer debt" is broad enough to

22 encompass process servers because delivering a summons for a debt collection suit is a critical step

23 in the collection of a consumer debt.  Because Defendants' business practice in serving process in

24 debt collection cases is an "act or practice in connection with the collection of consumer debt," the

25

26                                              23
   Case No.:  12-CV-01245-LHK
27 ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
   DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
28 PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

United States District Court
For the Northern District of California

1    Court GRANTS Plaintiff's motion for summary judgment as to whether Defendants are "debt

2    collector[s]" under the RFDCPA.

3          The Court nevertheless denies summary judgment on the RFDCPA claim, because genuine

4    issues of material fact remain on the fourth element — whether Defendants violated one of the

5    liability provisions of the RFDCPA.  As discussed above, issues of fact remain on whether

6    Defendants actually served process, in which case Defendants would not have engaged in any

7    wrongdoing in violation of the RFDCPA, or whether Defendants falsified a proof of service, in

8    which case Defendants are liable under the RFDCPA.

9          For these reasons, the Court GRANTS Plaintiff's motion for summary judgment as to the

10   first three elements of the RFDCPA claim, but DENIES the motion as to the fourth element.

11                              **c.     UCL**

12         As discussed above, Plaintiff's UCL claim relies on a predicate statutory violation.  For the

13   reasons discussed in the preceding subsections, Plaintiff has not demonstrated that he is entitled to

14   summary judgment on the allegedly unlawful predicate acts — violation of the FDCPA or

15   RFDCPA — because genuine issues of material fact persist as to both statutory claims.  The

16   success of Plaintiff's UCL claim depends on his success on these predicate claims.  Because

17   Plaintiff has not yet succeeded on demonstrating liability under the predicate claims as a matter of

18   law, Plaintiff does not succeed on the UCL claim as a matter of law.  Accordingly, the Court

19   DENIES summary judgment on this ground.

20   **V.     CONCLUSION**

21         For the reasons set forth above, the Court DENIES Defendants' motion for leave to file a

22   second amended complaint or in the alternative to grant relief from the Court's ruling striking

23   Defendants' affirmative defenses; DENIES Defendants' motion for summary judgment in its

24   entirety; DENIES in part and GRANTS in part Plaintiff's motion for summary judgment.  Because

25

26                                          24

United States District Court
For the Northern District of California

Plaintiff does not prevail on any cause of action, the Court DENIES Plaintiff's request for any

damages or injunctive relief as part of Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: August 28, 2013

*Lucy H. Koh*

_____

LUCY H. KOH
United States District Judge

25

Case No.:  12-CV-01245-LHK
ORDER DENYING DEFENDANTS' REQUEST FOR LEAVE TO FILE SECOND AMENDED ANSWER;
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART, DENYING IN
PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT